Allstate Insurance Company, a Corporation, Plaintiff-Appellant, v. John J. Gleason, L. & S. Construction Company, an Illinois Corporation, Continental Casualty Company, a Corporation, and Hertz Drive-Ur-Self Corporation, a Corporation, Defendants, and Nicholas Nebor, Kenneth L. Jayroe, the Ford Motor Company, a Corporation, New Amsterdam Casualty Company, a Corporation, and Indemnity Insurance Company of North America, a Corporation, Defendants-Appellees.

Gen. No. 49,228.

First District, First Division.

June 22, 1964.

Hinshaw, Culbertson, Moelmann & Hoban, of Chicago (John M. Moelmann, John L. Kirkland and Thomas J. Weithers, of counsel), for appellant.

Louis G. Davidson, Norman Gold and Kasper & Klyman, of Chicago, for appellees, Nicholas Nebor and Kenneth L. Jayroe, Vogel & Vogel, of Chicago (David F. Holland, of counsel), for appellees, Indemnity Ins. Co. of North America, and Ford Motor Co.

MR. JUSTICE BURMAN delivered the opinion of the court.

This is an appeal from a declaratory judgment entered in the Superior Court finding that defendant, Indemnity Insurance Co. of North America, was not required to provide a defense for John J. Gleason in a pending injury action, and further that it was not obligated to pay any judgment in the action against Gleason.

The declaratory action originated as a suit commenced by Nicholas Nebor and Kenneth L. Jayroe, who were injured in a single car collision in Chicago, Illinois, when they were passengers in an automobile being driven by John J. Gleason. That suit sought to recover damages from John J. Gleason, Ford Motor Company, a corporation, and L. & S. Construction Company.

The statement of facts involved is not in dispute. John J. Gleason was employed in Chicago, Illinois, by the Ford Motor Company as a buyer of tools and equipment. Gleason's duties included the placing of purchase requisitions for gauges and fixtures. The plaintiffs in the original action, Nebor and Jayroe, operated a gauge shop in Detroit, Michigan. Gleason had met the plaintiffs through his position with Ford and prior to the occurrence had done business with them.

On July 10, 1956, Nebor and Jayroe came from Detroit to Chicago on a business trip. They went to the Ford Company plant at about 4:00 o'clock and discussed with Ford employees Levin and Polasek, the outlook for additional business between them. Following this meeting, Nebor, Jayroe, Polasek and Smith, an expediter for Ford, left the plant and proceeded to a steak house for dinner where they coincidentally encountered Gleason who was on his vacation. Gleason joined them for dinner, and when they had finished, all five men left the restaurant in a car which had been rented from Hertz Drive-Ur-Self that afternoon by Nebor and Jayroe. Gleason drove the automobile since neither Nebor nor Jayroe were very familiar with Chicago. He drove to a tavern where they had drinks, then to another restaurant, and then to Smith's home where the latter left the group. It was a short time later that the automobile

with Gleason driving collided with certain obstructions on a public highway which was undergoing reconstruction at the place of the occurrence.

The complaint in the injury action charges, among other things:

> "[t]hat at the time of the occurrence hereinafter complained of, in the nighttime while it was dark, the said automobile was being operated by the defendant Ford Motor Company, a corporation, by its agent and servant, the defendant John L. Gleason, Jr. . . ."

The complaint further charges that at the time and place of the accident Ford Motor Company was careless and negligent in this operation of the motor vehicle

> "by its agent and servant, the defendant John L. Gleason, Jr. . . ."

On the date of the occurrence, John J. Gleason owned a 1947 De Soto automobile and carried a policy of automobile liability insurance with Allstate Insurance Company. This policy provides that Allstate would pay "all damages which the insured shall be legally obligated to pay . . . arising . . . out of . . . use . . . of the owned automobile, a substitute automobile or a nonowned automobile." Also that Allstate would defend Gleason in actions within the coverage of the policy, but with reference to an automobile not owned by Gleason, the coverage "shall be excess insurance over any other collectible liability insurance of any kind available to the insured." Allstate defended the claim against Gleason. Subsequently Allstate filed this complaint for declaratory judgment. Prior to trial of this cause, John J. Gleason, L. & S. Construction Company, Continental Casualty Company and Hertz Drive-Ur-Self were dismissed out

of the case. Answers were filed on behalf of the remaining defendants.

It is the theory of Allstate, that inasmuch as the allegations made by the injured parties in their complaint against Gleason are clearly within the coverage of the policy of Indemnity Insurance Co., that therefor the trial court erred in holding that Indemnity is not required to provide a defense for Gleason, and is not obligated to pay any judgment that may be rendered against him.

Counsel for Allstate argued that Gleason is entitled to a defense under both the Allstate and Indemnity policies. It is the position of Indemnity that Allstate did not request such a declaration in its complaint nor was the case tried on that theory, stating, "[t]he only declaration sought by Allstate was that I.N.A. and Ford were not entitled to a defense under the policy issued by Allstate to John Gleason. Since Allstate did not seek insurance coverage from I.N.A. for Gleason in the proceeding before Judge McKinlay, such a request cannot be made in this Court."

In support of the contention by Indemnity, that a party cannot shift his theory of the case after judgment and raise a new theory for the first time on appeal, it cites the case of Benson v. Isaacs, 22 Ill2d 606, 177 NE2d 209. We agree with the principle of that case, but feel that it should not be applied here. A mere reading of the complaint would appear to support defendant's contention. However, the record of the hearing on the declaratory judgment indicates that the issue of whether Gleason was entitled to a defense under the Allstate and Indemnity policies was clearly presented to the trial judge and determined. Furthermore, Allstate's prayer for relief asks for an adjudication of the rights of all the parties under the various insurance policies. The fact that such a determination was made by the trial judge

is demonstrated by the declaration in the judgment order that Indemnity is not obligated to defend Gleason or pay any judgment against Gleason. A reviewing court should, under these circumstances, give any judgment that ought to have been given in the trial court. Ill Rev Stats, c 110, sec 92. Therefore this court will declare the rights of the parties under the various insurance policies.

There is no primary insurance policy involved in these proceedings. Both Allstate and Indemnity have excess policies. Allstate is defending Gleason in the injury suit. Indemnity has declined to also defend him. The policy of Indemnity issued to Ford in part contains the following provisions:

> "Insuring Agreements 1. Coverage A—Bodily Injury Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injuries, sickness or disease, including death at any time resulting therefrom sustained by any person and caused by accident.
>
> . . . . . .
>
> "In consideration of the premium provided for in the policy, it is hereby understood and agreed as follows:
>
> . . . . . .
>
> "3. Such insurance as is afforded by the policy shall also apply to the additional interest of any employee of the named insured with respect to the use in the business of the named insured of automobiles not owned by or registered in the name of said employee or a member of his household. (Abst. 27.)
>
> . . . . . .

212

"Conditions."

"14. Other insurance—if the insured has other insurance against the loss covered by this policy, the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance under this policy with respect to loss arising out of the maintenance or use of any hired automobile insured on a cost of hire basis or the use of any nonowned automobile shall be excess insurance over any other valid and collectible insurance."

The pertinent allegations of the injury complaint alleges "that at the time of the occurrence hereinafter complained of . . . the said automobile was being operated by the defendant, Ford Motor Company, a corporation, by its agent and servant, the defendant, John L. Gleason, Jr. . . ." It is further alleged that Ford Motor Company, by its agent, the defendant, John L. Gleason, Jr., was guilty of carelessness and negligence in the operation of the aforesaid automobile. The public liability policy of Indemnity as hereinabove described recites that the policy of insurance shall apply to the additional interest of any employee of Ford with respect to the use in the business of Ford of automobiles not owned by said employee. Consequently, we think that the policy would cover Gleason if he was operating the automobile as alleged "in the business" of Ford.

■■■ In our opinion the trial court erred in holding that Indemnity is not required to provide a defense for Gleason in the pending injury action. It is well settled that where the cause of action is within

213

the coverage provided by the policy, it is the insurer's duty to defend. Canadian Radium & Uranium Corp. v. Indemnity Ins. Co. of North America, 342 Ill App 456, 97 NE2d 132. "An insurer's obligation to defend an action is determined by the allegations of the pleadings in a case." Farmers Elevator Mut. Ins. Co. v. Burch, 38 Ill App2d 249, 187 NE2d 12. In the case at bar the allegations of the complaint, as previously set out, are such as would cast a duty of indemnification upon Ford's insurer if such allegations were supported by the evidence. While it is possible that in the injury action a jury may find that Gleason was not an agent and servant of Ford, such a future possibility does not, in any way, alter the obligation of Indemnity to defend Gleason. As the cases have consistently held, the obligation to defend does not depend upon the ultimate outcome of the suit.

What was said in George H. Wolff Sons, Inc. v. Aetna Casualty & Surety Co., 286 F2d 862 is equally applicable here. In that declaratory action both Wolff and Leaf Brands claimed coverage under an Aetna policy issued to Wolff. Evidence was heard over the objections of Wolff and Leaf Brands as to the manner in which the injury occurred on the claim by Aetna that the occurrence was not within the coverage of the policy, and therefore it had no obligation to defend, nor pay, any judgment against defendants in the injury case. Aetna claimed that ultimate liability did not rest upon it. The Circuit Court of Appeals did not agree and stated, "Jean Rutkowski was not a party to the trial below. At the trial of her case, she might introduce additional or even contrary testimony. In these days of liberal amendments to pleadings and the right to seek relief in the alternative, we cannot, at this time, read a definite judgment as to the outcome of the Rutkowski case in the Circuit Court of Cook County."

214

It is noteworthy to mention that both Allstate and Indemnity respectively claim that under the provisions of their policies they have no liability. We wish to emphasize that nothing we have expressed in this opinion should be considered as determining this question.

■ The trial court, in addition to considering the pleadings, proceeded to take testimony of witnesses, and concluded that Indemnity was not obligated to pay any judgment which may be rendered in the injury action against Gleason. The trial judge commented that he did not intend to resolve the ultimate issues of liability or agency by this judgment. Yet should the judgment stand unchallenged, could not Indemnity in the personal injury action contend that the matter of agency has been adjudicated? The determination of agency in the tort action is for the jury if the evidence warrants it. Thus we hold that this ruling and judgment of the trial judge was premature and should be reversed.

■ We have considered the suggestion of Allstate that the expenses, in defending Gleason, be proportioned on the basis of a ratio as between the maximum limits of the two policies. As is pointed out in Allstate's brief:

> The policy issued by Indemnity Insurance Co. to Ford provided coverage for personal injury in the maximum amount of $1,000,000. Abst. 27.) The policy of Allstate Insurance Co. issued to John Gleason provides maximum coverage of $20,000 for personal injuries sustained by one person and $40,000 regardless of the number of persons injured. (Abst. 58.) Since Nebor and Jayroe are both seeking damages for injuries, the pro rata obligation of the insurers provide a defense would be measured by the relationship be-

tween $1,000,000 and $40,000, which fixes an obligation on the Indemnity Insurance Co. to provide $25/26$ of the cost of the defense.

Allstate thus asks us to hold that Indemnity, who has the complete obligation of defending Ford, must in addition bear $25/26$ of the expense of Gleason's defense. We decline to so rule. Plaintiff cites the case of Continental Casualty Co. v. New Amsterdam Casualty Co., 28 Ill App2d 489, 171 NE2d 406 to support its request for a pro rata apportionment between itself and Indemnity. This case and others cited by Allstate concern the apportionment to be made as between excess insurers after their liability has been determined. There is, we feel, a distinction to be made between the adjudicated liability of a direct insurer (as in Continental) and the necessity of a defense contribution by an insurer whose main obligation is to a defendant other than the one for whom contribution is sought (as appears at bar). Indemnity's duty to defend Gleason does not require a pro rata apportionment of expenses, but is met by a conscientious defense of Gleason in terms of its obligations to its insured, Ford.

Therefore, the judgment of the Superior Court, declaring (1) that Indemnity Insurance Company of North America has no duty to defend John Gleason, and (2) that Indemnity is not obligated to pay any judgment entered against John Gleason in the pending personal injury action is hereby reversed and the cause remanded with directions that the judgment order be made consistent with the opinions herein expressed.

Reversed and remanded with directions.

MURPHY, P. J. and KLUCZYNSKI, J., concur.