[No. 39438. Department Two. May 8, 1969.]

HOLLAND AMERICA INSURANCE COMPANY, et al., *Appellants,* v. NATIONAL INDEMNITY COMPANY, *Respondent.**

*Reed, McClure & Moceri* and *Hugh A. McClure,* for appellants.

*Rutherford, Kargianis & Austin* and *Samuel C. Rutherford,* for respondent.

ROSELLINI, J.—This case presents for decision a single question of law—whether an insurer which has issued a policy of automobile liability insurance is obliged to defend a person who is not the named insured but is allegedly an insured under the omnibus clause. The omnibus clause in the policy with which we are concerned, which was a standard policy of its type, provided that the word "insured" included any person using the automobile with the permission of the named insured.

The automobile described in the policy was involved in an accident, and an action was brought against the named insured and the man who was allegedly driving the automobile with his permission. That man, Allen L. Bradshaw, owned a policy more or less identical to the policy of the owner, who was insured by the National Indemnity Com-

*Reported in 454 P.2d 383.

pany. Bradshaw was insured by Holland America Insurance Company, which tendered the defense of its policyholder to National Indemnity Company. That company, while it accepted defense of the action on behalf of its own policyholder, refused to defend the driver, saying he was not in fact driving with the permission of the owner.

Holland America hired attorneys who rendered legal services in behalf of Bradshaw. The case was settled by National Indemnity Company attorneys for an amount less than the limits of its policy. After the case was thus disposed of, Holland America brought this action to recover the attorneys' fees which it had been obliged to pay in preparing a defense for Bradshaw.

The case was submitted to the trial court on these agreed facts. It was also stipulated that the attorneys' fees claimed by the Holland America Insurance Company were reasonable. Neither company presented any evidence on the question whether Bradshaw was in fact driving with the permission of the owner of the automobile, the position of Holland America being that the duty to defend the action was to be determined from the allegations of the complaint, and the position of National Indemnity being that it had no duty to defend a driver who did not have permission to drive the automobile and that the burden was upon Holland America to prove that Bradshaw was an insured under National Indemnity's policy. The trial court sustained the latter contention and dismissed the action.

To sustain the judgment, National Indemnity cites the following statement from 12 Couch on Insurance 2d § 45:363:

> The person seeking to hold the insurer liable on the basis of the omnibus clause has the burden of proving the existence of the permission necessary under that clause.

While this is undoubtedly a correct statement of the law, it does not pertain to the question presented here. As its context makes abundantly clear, the "person" referred to in the statement is an injured party seeking to recover on the insured's liability policy. We are here concerned with the

rights of the defendant driver in a damage action brought by such a person, and are not concerned with an alleged right to hold the insurer liable for damages caused by the negligent operation of an automobile but rather with a right to be defended by that insurer.

We should state at the outset that it is conceded here that the insurer of the automobile is the primary insurer and is obliged to pay all of the costs of the defense if the driver had permission to use the car, inasmuch as the action was settled for an amount less than the limits of the primary policy. We so held in the recent case of *Western Pac. Ins. Co. v. Farmers Ins. Exch.*, 69 Wn.2d 11, 416 P.2d 468 (1966).

The primary insurer in that case had refused to defend an action, contending that the driver had deviated beyond the scope of the permission given him by the named insured and was not driving with the latter's consent. After judgment had been rendered against the driver, the secondary or "excess" insurer, which had defended the action, sued the primary insurer. We said that, since the allegations of the complaint in the action against the driver, if proven true, would render the primary insurer liable, it was obliged to defend the action; that it could not stand aloof from the action on the basis of its unilateral determination that the driver was not insured, and, after liability had been established in the damage action, escape responsibility for the expenses of defending him.

The trial court, and the respondent here, have read into that opinion an implied dictum that the primary insurer could escape liability for the driver's expenses of defense if liability was *not* established in the damage action. We intended no such implication.

It is well established in this and other jurisdictions that the insurer's duty to defend, unlike its duty to pay, arises when the complaint is filed and is to be determined from the allegations of the complaint. *Lawrence v. Northwest Cas. Co.*, 50 Wn.2d 282, 311 P.2d 670 (1957); *Hering v. St. Paul-Mercury Indem. Co.*, 50 Wn.2d 321, 311 P.2d 673

(1957); *Town of Tieton v. General Ins. Co.,* 61 Wn.2d 716, 380 P.2d 127 (1963); 7 Am. Jur. 2d *Automobile Insurance* § 162 (1963); 14 Couch on Insurance 2d § 51:40 (1965); 7A J. Appleman, Insurance Law & Practice § 4683 (1962); *see* Annot., 50 A.L.R.2d 469 (1956).

The reason for the rule is well stated in *Bloom-Rosenblum-Kline Co. v. Union Indem. Co.,* 121 Ohio St. 220, 226, 167 N.E. 884 (1929), where the court said:

> The contract of the company does not contemplate that its duty arises subsequent to the trial of such case and a final determination of the question of the liability of the assured. This agreement to make the defense on behalf of the assured whenever a suit is brought against it to enforce such claim for damages is a valuable provision of the policy, but it would have little value, and would be rendered almost meaningless, if the duty of the company with respect thereto did not arise when an action was brought against the assured based upon a claim of injury by an automobile covered by such policy.

This rule is as appropriate when applied to suits against one allegedly driving with permission of the named insured as it is when applied to suits against the named insured himself. Whether the driver was actually driving with permission is a question which can only be decided in the damage action. Naturally, the insurer will want to contend, if it can, that there was no permission. But if there was such permission, it has contracted to defend the driver.

The National Indemnity Company says that placing this duty upon it creates a conflict of interest. This would appear to be correct, however, it is a conflict which that company must have contemplated when it inserted the provision in the policy. It presents no insurmountable problem. Attorneys can be hired to represent the interest of the driver if it conflicts with that of the named insured.

In the policy, the company reserved to itself the right to control litigation in actions covered by the policy. We assume that it considered that it would be in its interests to represent all the defendants and thus maintain better control of the proceedings. Whatever the motivation, however,

the fact remains that it did undertake to defend suits for damages caused by the operation of the automobile when it was driven with the permission of the owner. That provision can be given effect only if the test for determining the duty to defend is one which can be applied at the time the complaint is filed.

Although the courts which have considered the question have not been unanimous in holding that the rule requires the insurer to defend even though it may be convinced that the driver had no permission to use the car, the more persuasive cases, we believe, are those which have reached this result. These include *Allstate Ins. Co. v. Gleason,* 50 Ill. App. 2d 207, 200 N.E.2d 383 (1964); *Heyden Newport Chem. Corp. v. Southern General Ins. Co.,* 387 S.W.2d 22 (Tex. 1965), and *Pendlebury v. Western Cas. & Sur. Co.,* 89 Ida. 456, 406 P.2d 129 (1965).

A case reaching a different conclusion is *Smith v. Insurance Co.,* 161 So.2d 903 (La. Ct. App. 1964), *cert. denied* 246 La. 344, 164 So.2d 350 (1964), wherein the court recognized the general rule but allowed the insurance company to escape liability where it successfully urged that no permission was granted. That case was decided after the damage action had been litigated. The court did not explain how the rule which it adopted could be applied at the time the complaint is filed, when fact questions have not been determined. Also, the opinion is not at all clear as to whose responsibility it is, under the rule adopted by the court, to prove permission or lack thereof. At one point it seems to say that the burden is on the insurer to show that there is no coverage, and at another to hint that the party demanding to be defended must show that he comes within the coverage of the policy.

Neither does the court suggest in what kind of proceeding this fact question can be determined. Supposedly a declaratory judgment action could be brought by one or the other of the parties; but even so, unless the plaintiffs in the damage action are made parties, the determination in the declaratory judgment action could hardly be res judicata as

to them. If they are made parties, it soon amounts to a full fledged trial of a major question in the damage action, with the result that there is a duplication of litigation. By this time, the insurer's reluctance to defend the driver has resulted in extra legal fees for all parties and a delay in the processing of the damage action. It is doubtful that the insurer will have gained much benefit from this; and even if it prevails, it has done nothing more than it could have done in defending the main action, where the same proof would undoubtedly have been offered and presumably would have produced the same result.

The agreement to pay any liability incurred by reason of the operation of the automobile by a person using it with the permission of the owner is contained in the policy in compliance with RCW 46.29.490(b), which provides that a motor vehicle liability policy shall "insure the person named therein and any other person . . . using any such vehicle or vehicles with the express or implied permission of such named insured, . . ."

The purpose of this statute is to protect persons injured as a result of the negligent use of a vehicle. It would be inimical to that purpose to subject such persons to the delay necessarily attendant upon the bringing of a declaratory judgment action to determine the right of a person allegedly driving with the permission of the owner, to be defended by the owner's insurer, or to put him to the expense of participating in such a proceeding.

It is no more unjust to require the insurer to defend a person alleged to have been driving with permission of the owner, even though the evidence may show there was no permission, than it is to require it to defend a suit which is groundless for some other reason. The insurer expressly undertakes to defend such suits, and we know of no sound reason why it should not be held to its contract.

We hold that the duty of the primary insurer to defend a person alleged to have been driving with the permission of its named insured is to be determined from the allegations of the complaint and does not depend upon the actual fact

of permission, that fact being one which the plaintiff must establish in order to recover but which the driver is not obliged to prove in order to be entitled to defense by the primary insurer.

It is conceded that Holland America, having undertaken the defense of the alleged driver in accord with its contractual obligation to him, is subrogated to his rights in this action.

The judgment is reversed and the cause remanded with directions to enter judgment in accordance with the prayer of the complaint.

HUNTER, C. J., HILL and NEILL, JJ., and DONWORTH, J. Pro Tem., concur.