14 Wn. App. 573 (1975)
543 P.2d 642
NATIONAL STEEL CONSTRUCTION COMPANY, Respondent,
v.
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, Appellant.
No. 1886-2.
The Court of Appeals of Washington, Division Two.
December 16, 1975.
Robert J. Grenier (of McMullen, Brooke, Knapp & Grenier), for appellant.
Robert V. Brown (of Clinton, Fleck, Glein & Brown), for respondent.
PEARSON, J.
In this action plaintiff, National Steel Construction Company, seeks recovery against defendant, National Union Fire Insurance Company, alleging the defendant, its insurer, wrongfully refused to defend it against a products liability suit brought by Fairview Development, Inc. The products liability action was successfully defended by plaintiff, who now seeks recovery of attorney's fees, suit costs, and interest arising out of its defense of that suit. The case was tried to the court on an agreed statement of facts which included the insurance policy in question and the products liability complaint which gave rise to the claim of coverage. The trial court found and concluded the defendant should have accepted the tender of defense and allowed plaintiff a judgment for $3,123 attorney's fees, $249.81 in costs, and 8 percent interest from December 5, 1972, the date of the trial court's oral decision fixing the amount of damages.
In light of the well-settled law which applies to this case and the facts which were agreed at the trial, the issue presented on appeal is a narrow one: Did the complaint filed by Fairview against plaintiff allege facts which, if true, would render defendant liable under the insuring agreements of its comprehensive liability policy? Defendant has challenged the findings and conclusions of the trial *575 court that the complaint did allege facts bringing the claim within the policy coverage.
[1] The law is clear. An insurer's duty to defend arises when a complaint against its insured is filed and is to be determined from the allegations of the complaint. Holland Am. Ins. Co. v. National Indem. Co., 75 Wn.2d 909, 454 P.2d 383 (1969). For the purposes of determining the duty of an insurer to defend, the allegations, if proved, must render the insurer liable under its policy. Seaboard Sur. Co. v. Ralph Williams' Northwest Chrysler Plymouth, Inc., 81 Wn.2d 740, 504 P.2d 1139 (1973).
It is true the advent of notice pleadings has caused some jurisdictions to depart from the strict application of this rule and to expand the scope of determining an insured's duty to defend, to include facts known by an insurer or discoverable by it either before or after the complaint has been filed. See Gray v. Zurich Ins. Co., 65 Cal.2d 263, 419 P.2d 168, 54 Cal. Rptr. 104 (1966); Spruill Motors, Inc. v. Universal Underwriters Ins. Co., 212 Kan. 681, 512 P.2d 403 (1973). The courts in these cases point out that notice pleadings can lead to uncertainties relating to coverage which make the stricter rule inequitable.
While the Washington Supreme Court has not seen fit to adopt what we consider to be the more modern approach to the issue, as discussed in Gray v. Zurich Ins. Co., supra and Spruill Motors, Inc. v. Universal Underwriters Ins. Co., supra, we need not reexamine the question in this case. For, in our view, Fairview's complaint was specific enough on its face to warrant a determination that defendant owed plaintiff a defense under the terms of its policy.
The complaint alleged plaintiff had manufactured and sold Fairview four hot water tanks through a distributor, and the tanks were defective because of plaintiff's negligent design and construction. It also stated: "As a consequence of the defendants' wrongful conduct, plaintiff has been damaged in the sum of $18,160.96."
It is true another allegation of the complaint alleged the *576 tanks were rendered valueless as a result of the defect, and that the cost of their installation had been $13,279.40. It is conceded defendant's policy excluded coverage for damage to the completed manufactured product, and the products liability coverage applied to consequential damages only. The complaint, however, does seek consequential damages above the cost or value of the installed tanks. Thus the trial court's finding and conclusion that consequential damages were sought is correct.
[2] It follows, then, that the complaint asserted a potential liability which, at the least, required the defendant to defend a portion of the claim, i.e., that part related to the claim of consequential damages.[1]Waite v. Aetna Cas. & Sur. Co., 77 Wn.2d 850, 467 P.2d 847 (1970). Furthermore, where an insurer wrongfully refuses to defend, and there is no reasonable means of prorating the costs of defense between the covered and the not covered items, then the insurer is liable for the entire costs of defense. See Waite v. Aetna Cas. & Sur. Co., supra. See generally 41 A.L.R.2d 434, 436 (1955).
In the instant case, Fairview went to trial on its complaint against plaintiff and plaintiff's challenge to the sufficiency of the evidence was sustained. Thus no effective means exists for prorating the costs of defense between the claims for which the defendant insurer provided no coverage from those which it did cover. Accordingly, we hold the wrongful refusal to defend the suit rendered the defendant liable for the entire costs of defense. Waite v. Aetna Cas. & Sur. Co., supra.
[3] We do think, however, it was error for the court to impose interest on the attorney's fees and costs from the date of the court's oral decision rather than from the date judgment was entered. See Kennedy v. Clausing, 74 Wn.2d 483, 445 P.2d 637 (1968). While it may be argued those fees *577 and costs became liquidated when the court announced its ruling,[2] a trial judge's oral ruling is always subject to change prior to the entry of a final judgment. Accordingly, it is the entry of judgment and not the oral decision that accomplishes a liquidation of the damages for attorney's fees. See RCW 4.56.110; CR 58(b); Canzler v. Mammoliti, 40 Wn.2d 631, 245 P.2d 215 (1952).
Affirmed as modified. Respondent is awarded costs on appeal.
PETRIE, C.J., and REED, J., concur.
Petition for rehearing denied February 4, 1976.
NOTES
[1] We are of the opinion that ambiguities in the complaint should be construed in favor of the insurer's duty to defend the suit. Lee v. Aetna Cas. & Sur. Co., 178 F.2d 750 (2d Cir.1949); 14 G. Couch, Cyclopedia of Insurance Law § 51.45 (2d ed. R. Anderson 1965).
[2] The authorities relied upon by plaintiff are Prier v. Refrigeration Eng'r Co., 74 Wn.2d 25, 442 P.2d 621 (1968); White Pass Co. v. St. John, 78 Wn.2d 188, 470 P.2d 548 (1970).