[No. 9111-5-I. Division One. August 23, 1982.]

THE TRAVELERS INSURANCE COMPANIES, *Appellant,* v. THE NORTH SEATTLE CHRISTIAN AND MISSIONARY ALLIANCE, ET AL, *Respondents.*

*Houger, Garvey, Schubert, Adams & Barer* and *John R. Allison,* for appellant.

*Robbins, Merrick & Kraft, Thomas J. Kraft, Moren, Lageschulte & Cornell, Roger Lageschulte, Phillip Offen-*

*backer, Krutch, Lindell, Donnelly & Judkins,* and *Thomas Keller,* for respondents.

RINGOLD, J.—This is an appeal by the Travelers Insurance Companies (Travelers) from a judgment declaring the extent of Travelers' duty to defend and provide coverage for its insured, the North Seattle Christian and Missionary Alliance (Church). The Church cross–appeals the trial court's refusal to award attorney's fees. We affirm most of the declaratory judgment, and we reverse the denial of attorney's fees.

On May 22, 1976, an airplane piloted by Robert Gene Wacker crashed near Snoqualmie Pass while on a flight to Spokane from Paine Field in Everett. The pilot and all passengers were killed. At the time of the crash, the airplane was leased to the Church and was used and operated by the Church. Two wrongful death actions were filed and both complaints alleged that the deaths were caused by the negligence and recklessness of the pilot and the Church. The complaints also alleged the deaths were caused by the Church's breach of an agreement to provide safe transportation.

At the time of the airplane crash, the Church was covered by a liability insurance policy issued by Travelers. The policy provided in relevant part:

[Coverage A and B] The Travelers will pay on behalf of the Insured all sums which the Insured shall become obligated to pay by reason of the liability imposed by law upon the Insured, or assumed by the Insured under any oral or written contract or agreement, as damages because of

(a) bodily injury or
(b) property damage

to which this insurance applies, caused by an occurrence.

The Travelers shall have the right and duty to defend any suit against the Insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent . . .

. . .

Exclusions:
1. Coverages A and B do not apply:
. . .
(b) except with respect to liability assumed by the Insured under any contract or agreement, to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of:
(1) any automobile or aircraft owned or operated by or rented or loaned to any Insured; or
(2) any other automobile or aircraft operated by any person in the course of his employment by any Insured
. . .

The Church tendered the defense of the wrongful death actions to Travelers, and the insurance company initiated this declaratory judgment action on the issues of policy coverage and the duty to defend. Named as defendants were the Church, the estate and surviving spouse of Robert Wacker, and the plaintiffs in the wrongful death actions.

The trial court denied motions for summary judgment and decided the matter at a bench trial. The court concluded that Travelers has no duty to defend those claims that are exclusively tort claims and that the Church must bear the expense of defending such claims. The court held, however, that Travelers has a duty to defend those claims concerning the alleged breach of an agreement to provide safe transportation. The trial judge also concluded that the policy covers any such agreement that can be implied from the acts or statements of the parties. The court left the issue of the existence of an agreement to provide safe transportation for decision in the trial of the wrongful death actions.

### Duty To Defend and Policy Coverage

■ In *National Steel Constr. Co. v. National Union Fire Ins. Co.,* 14 Wn. App. 573, 575, 543 P.2d 642 (1975), the court stated the applicable rule requiring the insurer to defend:

The law is clear. An insurer's duty to defend arises when a complaint against its insured is filed and is to be determined from the allegations of the complaint. *Hol-*

*land Am. Ins. Co. v. National Indem. Co.,* 75 Wn.2d 909, 454 P.2d 383 (1969).

Thus, the insurer has a duty to defend if proof of the facts alleged in the complaint would render the insurer liable under the policy. *Seaboard Sur. Co. v. Ralph Williams' Northwest Chrysler Plymouth, Inc.,* 81 Wn.2d 740, 504 P.2d 1139 (1973); *Transamerica Ins. Co. v. Preston,* 30 Wn. App. 101, 632 P.2d 900 (1981). In the application of this rule, the pleadings must be liberally construed, and if they are subject to an interpretation that creates a duty to defend, the insurer must comply with that duty. *R.A. Hanson Co. v. Aetna Ins. Co.,* 26 Wn. App. 290, 612 P.2d 456 (1980).

Here, the policy provides coverage for liability imposed by law and liability assumed by the insured under any oral or written contract or agreement. Excluded from that coverage is liability arising out of the use of aircraft. An exception to the aircraft exclusion applies to "liability assumed by the Insured under any contract or agreement." Thus, no coverage is provided for the liability arising out of the Church's use of the airplane unless the Church assumed that liability under a contract or agreement. The allegation of an agreement to provide safe transportation, if proved, could amount to an agreement to assume such liability. The complaints are therefore subject to an interpretation that creates a duty to defend in the limited manner required by the trial court. *Seaboard; Hanson.*

Travelers disputes the foregoing analysis contending that the breach of an alleged agreement to provide safe transportation creates a liability arising under a contract, but does not amount to a liability resulting from a contractual assumption of liability. It is Travelers' position that an agreement to assume liability is an agreement to assume an obligation not otherwise imposed by law as, for example, to provide indemnity. Even under this analysis, Travelers still has a duty to defend the Church. An agreement to provide safe transportation could be an agreement to assume strict liability or to exercise the highest degree of care. The

Church, however, may be a contract carrier not engaged in the business of carrying passengers, and the duty imposed by law on such a contract carrier is merely the duty to exercise reasonable care. *See Jablinsky v. Continental Pac. Lines, Inc.,* 58 Wn.2d 702, 364 P.2d 793 (1961). Accordingly, the Church may have assumed an obligation not otherwise imposed by law, *i.e.,* to exercise the highest degree of care or assume strict liability. The trial court properly held that Travelers must defend those portions of the complaints that allege a breach of an agreement to provide safe transportation.

Travelers argues that the trial court's broad reading of the policy renders the aircraft exclusion a nullity, particularly if the assumption of liability is found in an implied contract. It is Travelers' position that because breach of the duty imposed by law to exercise reasonable care is excluded from coverage, the indistinguishable breach of an implied contract to assume liability for one's own negligence must also be excluded to avoid rendering the aircraft exclusion a nullity. This argument erroneously assumes that the trial court entered a more specific judgment and imposed a duty to defend a claim based upon the Church's alleged breach of an agreement to assume liability for its own negligence. No such allegation exists, and the trial court properly avoided addressing such a question. Travelers' contentions in this regard are not germane to the trial court's ruling in this declaratory judgment action, and the judgment leaves the aircraft exclusion effective if the alleged agreement is not proved.

Travelers' argument that implied agreements are not covered is also without merit. Because the language in the policy is "*any* contract or agreement" (italics ours) and there is no language limiting this provision, implied agreements to assume liability are not excluded from coverage. If Travelers intended to exclude implied contracts from coverage, it could have drafted language that extended aircraft coverage only to *express* agreements to assume liability. An average reasonable insured would understand the uncondi-

tional exception to the exclusion in terms of its ordinary meaning, *i.e.,* that coverage extended to the assumption of liability under *any* contract or agreement. *See Shotwell v. Transamerica Title Ins. Co.,* 91 Wn.2d 161, 588 P.2d 208 (1978). "Any" is a broad and inclusive term, and the phrase "liability assumed by the Insured under any contract or agreement" is broad enough to include both express and implied agreements to assume liability. *See S.L. Rowland Constr. Co. v. Beall Pipe & Tank Corp.,* 14 Wn. App. 297, 540 P.2d 912 (1975).

Travelers' remaining arguments are based on the facts underlying the wrongful death actions. Travelers argues that the language in a permission slip signed by the parents of the deceased minors expressly disavows liability and negates any duty to defend.[1] The insurer also argues that there is no proof of any agreement to provide safe transportation to the adult passenger and that the evidence does not suggest the existence of any implied contracts to provide safe transportation. These factual contentions are irrelevant to the issue of the duty to defend, which is to be determined from the language of the policy and the allegations in the complaint filed against the insured. It does not depend upon the actual facts that the plaintiffs must eventually establish in order to recover in the wrongful death actions. *Holland Am. Ins. Co. v. National Indem. Co.,* 75 Wn.2d 909, 454 P.2d 383 (1969).

The policy provides that Travelers has a "duty to defend . . . even if any of the allegations . . . are groundless, false or fraudulent . . ." This agreement to defend is a valuable provision of the policy that exists independently of the

---

[1]The permission slip provides:

"_____ (child's name) has my permission to attend the _____ (type of event) planned by the North Seattle Alliance Church on _____ (date). I, the parent or guardian understand that every precaution will be taken to insure the safety of my child, but will *not* hold the church or staff responsible if an accident should occur. I also give my permission for any emergency medical treatment needed.

_____
Parent or Guardian"

agreement to pay a judgment. The provision would be rendered virtually meaningless if Travelers were allowed to avoid its duty to defend by using a declaratory judgment action to prove that the allegations in the wrongful death actions were groundless, false or fraudulent. *Holland America.* The Church and the wrongful death plaintiffs are not opponents in this declaratory judgment proceeding, and the factual dispute between them should be resolved in the wrongful death actions with Travelers defending the Church to the extent required by the policy.

On the question of coverage, the trial court declared that Travelers shall pay judgments only if the plaintiffs prove at the wrongful death trials that the Church breached an agreement to provide safe transportation. The court properly held that "[t]he Travelers will provide coverage . . . for . . . liability arising from the accident only with respect to liability assumed . . . under a contract or agreement." For the reasons already stated, we will not decide the factual questions concerning the alleged existence of the agreements despite requests by the parties that we do so. Those are issues that should be submitted to the trier of fact at the wrongful death trials.

## THE PILOT

Robert Wacker, the pilot, was a member of the Church, and the trial court concluded that he was an "insured" under language in the policy that designated a stockholder as a person insured by the policy. The court reasoned that the Church is a nonprofit corporation whose members are the equivalent of stockholders and that the stockholder provision would be a nullity unless it applied to a church member.[2] The respondents support this decision by arguing that, although a nonprofit corporation does not have stockholders, the policy must be interpreted so that every

---

[2]The court also concluded that Travelers had no duty to defend Wacker's estate because the wrongful death complaints did not allege that he entered into a contract to assume liability for bodily injury arising from the plane flight. This ruling has not been appealed.

provision is given meaning.

The policy provides that "[e]ach of the following is an Insured to the extent set forth below: . . . any . . . stockholder . . . while acting within the scope of his duties as such . . ." To avoid reading this coverage out of the policy, the trial court decided to treat members of a nonprofit corporation as the equivalent of stockholders. There is an arguable statutory basis for this analogy. *See* RCW 24.03-.030, .065. It is therefore conceivable that the policy here could be construed to extend coverage to Church members who incur a liability arising out of the performance of duties that are analogous to the duties of stockholders, such as participating in a membership meeting. The average reasonable Church member, however, would not expect the stockholder coverage to apply to the facts here. The pilot, though apparently acting as a nonemployee[3] agent of the Church, was engaged in no conduct that could reasonably be viewed as analogous to functions within the scope of the duties of a stockholder. We therefore reverse that portion of the trial court's judgment that declared the pilot was "insured" as a stockholder under the policy.

## ATTORNEY'S FEES

The Church asked the trial court to award attorney's fees for its successful defense of the declaratory judgment action. The trial court refused to award attorney's fees, and the Church has filed a cross appeal from this decision.

The Church relies primarily on dicta in *Farmers Ins. Co. v. Rees,* 96 Wn.2d 679, 638 P.2d 580 (1982), *reconsideration granted,* June 9, 1982. In *Farmers,* at page 682, the court interpreted the following policy provision concerning "Defense, Settlement, Supplementary Payments."

> The Company will pay, in addition to the applicable limits of liability:
>
> . . .
>
> (d) *reasonable expenses incurred by the insured at*

---

[3] The trial court found that Wacker was not acting as an employee of the Church.

*the Company's request,* including actual loss of wages or salary (but not other loss of income) not to exceed $25 per day because of his attendance at hearings or trials.

The court noted that this provision addressed the insurer's duty to defend and provided for supplemental payments to the insured of reasonable expenses incurred at the company's request. The court reasoned that such expenses occurred when the insured paid attorney's fees for a successful defense of the insurer's declaratory judgment action on the duty to defend. In *Farmers,* however, the declaratory judgment action was on the issue of coverage and the insurance company did not contest its duty to defend its insured. The court therefore concluded that the attorney's fees incurred in the declaratory judgment action were not supplemental to the defense of the insured and should not be awarded.

The attorney's fees incurred by the Church in this declaratory judgment action were at the insurer's request in the same sense as discussed in the dicta in *Farmers.* Even more clearly than in *Farmers,* the reimbursement provision here is directed at expenses incurred as a result of the insurer's agreement to defend the insured. The policy provides that Travelers will pay "reasonable expenses incurred by the Insured at The Travelers' request in assisting The Travelers in the investigation or defense of any claim or suit, including actual loss of earnings not to exceed $25 per day." The attorney's fees here were incurred by the Church in defense of a lawsuit in which Travelers engaged in an extensive investigation of the facts of the wrongful death complaints in an attempt to avoid a duty to defend. Under the foregoing provision requiring reimbursement of expenses incurred by the Church at the Travelers' request in assisting the Travelers in the investigation or defense of the claims, an award of attorney's fees is appropriate. Because the Church did not receive a judgment entitling it to an entirely free defense and the action also concerned issues of policy coverage, the fees should be limited to a

determination of those incurred in the successful portion of the Church's defense of the declaratory judgment action on the issue of the duty to defend.

Travelers argues that public policy should not require it to pay attorney's fees under this type of provision if it pays for the Church's defense[4] while simultaneously forcing its insured to incur attorney's fees in a lawsuit seeking an adjudication of the issue of the duty to defend. Travelers contends that an award of attorney's fees here will deter insurance companies from seeking declaratory relief. The simple answer is that insurance companies have the ability to write their insurance contracts to eliminate this risk. Public policy is not germane to the issue here. The only question is whether the contractual provision under consideration provides for attorney's fees under the circumstances of this case.

Our decision is not affected by the recent grant of reconsideration in *Farmers*. We are satisfied of the soundness of the reasoning in the dicta in *Farmers* and adopt it as our holding in this case.

The judgment with respect to the duty to defend and provide coverage for the Church is affirmed. The judgment declaring the pilot an "insured" is reversed. The judgment denying attorney's fees to the Church is reversed, and the matter is remanded for further proceedings not inconsistent with this opinion. Having complied with RAP 18.1, the Church is entitled to reasonable attorney's fees on appeal pursuant to the expenses reimbursement provision in the

---

[4]Travelers asserts that it is defending the Church in the wrongful death actions under a reservation of rights. The Church disputes the insurer's claim that a free defense is being provided. The trial court was not asked to make findings on this question. We would reach the same conclusion regardless of whether Travelers is defending the Church because the attorney's fees would still be expenses arising out of the insurer's duty to defend.

policy. On remand, the trial court should determine the amount of attorney's fees on appeal.

DURHAM, A.C.J., and JAMES, J., concur.

Reconsideration denied October 5, 1982.