[No. 48699-9. En Banc. June 22, 1984.]

PHIL SCHROEDER, INC., *Respondent*, v. ROYAL GLOBE INSURANCE COMPANY, *Appellant*.

WILLIAMS, C.J.—An opinion in this case was filed on February 24, 1983. *Phil Schroeder, Inc. v. Royal Globe Ins. Co.*, 99 Wn.2d 65, 659 P.2d 509 (1983). The published report of the decision includes this concluding notation: "Review granted by Supreme Court May 31, 1983." 99 Wn.2d at 75. This notation is in error. In fact, what was granted on May 31, 1983, was respondent's motion for reconsideration. That motion for reconsideration was addressed only to that portion of the court's original opinion (part III) relating to respondent's attorney fees in the trial and appellate courts.

After the motion for reconsideration was granted, but before reargument, the parties settled their dispute over attorney fees and filed a stipulation requesting that the appeal be dismissed. At that time a previously scheduled reargument was stricken and the court requested the views

of counsel for the parties and amici curiae on the proper disposition of the appeal in light of the settlement.

The court has determined that the prior decision should be modified to delete therefrom part III of the decision, commencing on page 72 of 99 Wn.2d and including pages 73 and 74 in their entirety. In the place of part III is substituted the following:

The decision of the trial court is affirmed, except as to the award of attorney fees. The parties having settled the attorney fee dispute, that issue is moot and the court expresses no opinion on it.

The request by amici curiae that this court hear reargument on the attorney fee issue despite its mootness is denied.

We hereby reaffirm parts I and II of our prior opinion, 99 Wn.2d at 65–72. Therefore, in order to avoid disturbing the precedential value of parts I and II of the prior opinion, the parties' stipulation for dismissal of the *appeal* is denied. The clerk shall immediately mandate the case to the Superior Court, however, and on receipt of that mandate the Superior Court is directed to dismiss the complaint pursuant to the parties' settlement stipulation.