[Nos. 20537-4-I; 20498-0-I.   Division One.   May 31, 1988.]

STATE FARM FIRE & CASUALTY COMPANY, *Respondent,*
v. KIM THOMAS, *Defendant,* BYRON WARD,
ET AL, *Appellants.*

STATE FARM FIRE & CASUALTY COMPANY, *Respondent,*
v. KIM THOMAS, ET AL, *Defendants,* DALE
LEE TODD, *Appellant.*

*Frederick M. Meyers* and *Karr, Tuttle, Campbell,* for appellants Ward, et al.

*James E. Lobsenz* and *Wolfe & Cullen,* for appellant Todd.

*James D. McBride, Christopher Mason,* and *Julin, Fosso, Sage, McBride & Mason,* for respondent.

SCHOLFIELD, C.J.—Defendant Dale Lee Todd appeals from an order of summary judgment declaring that respondent State Farm Fire & Casualty Company (State Farm) has no duty, under a homeowner's policy issued to Kim Thomas' parents, to defend or indemnify Kim Thomas for the tort claims of Todd. Appellants Ward and Associated Counsel for the Accused join in the Brief of Appellant Todd. We affirm.

## FACTS

Kim Thomas accused Todd of rape and testified against him in a bench trial in superior court, where he was convicted on June 6, 1984, of the crime of rape in the second degree. On July 11, 1984, Todd was given a probationary sentence including 9 months in jail. He actually served about 7½ months.

Todd took Lithium, Trilafon, and Benadryl, while in jail awaiting trial, and after his conviction as a condition of probation. In answer to an interrogatory, Todd alleges that while on Trilafon and Benadryl, he experienced dizziness, dehydration, weakness, muscle spasms, facial twitches, swollen throat, swollen tongue, problems with urination, problems sleeping through the night, difficulty in maintaining concentration, and tunnel vision. These allegations are undisputed.

On June 25, 1986, the trial judge entered an order dismissing Todd's conviction with prejudice because of information suggesting that Kim Thomas had committed perjury in accusing Todd of rape.

On or about July 31, 1986, Todd filed a civil action against Kim Thomas for malicious prosecution and defamation. He also sued Byron Ward, who had represented him in the criminal proceedings, and Ward's employer, the Associated Counsel for the Accused, on various theories including legal malpractice.

Kim Thomas is an insured under a homeowner's policy issued by State Farm to her mother and father. On November 19, 1986, State Farm filed a declaratory judgment action against Kim Thomas, Byron Ward and Todd for a determination of the policy's applicability to Todd's tort claim. The applicable definitions, liability coverage and exclusions contained in the policy are as follows:

## DEFINITIONS

. . .

"bodily injury" means bodily harm, sickness or disease, including required care, loss of services and death resulting therefrom.

. . .

SECTION II—LIABILITY COVERAGES

Coverage L—Personal Liability.

If a claim is made or a suit is brought against any insured for damages because of bodily injury or property damage to which this coverage applies, we will:

a. pay up to our limit of liability for the damages for which the insured is legally liable; and

b. provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages resulting from the occurrence equals our limit of liability.

SECTION II—EXCLUSIONS

1. Coverage L—Personal Liability and Coverage M—Medical Payments to Others do not apply to:

a. bodily injury or property damage which is expected or intended by the insured;

On March 3, 1987, State Farm filed a motion for summary judgment. In support of its motion for summary judgment, State Farm filed affidavits of Richard Stritzel and Diane Lanyon that were filed originally in support of Todd's motion for dismissal of the rape charge, both of which strongly supported the trial court's conclusion that Thomas' accusations and testimony that Todd had raped her were false. State Farm also relied upon a transcript of verbatim testimony of Kim Thomas in the trial of the rape charge wherein she described the alleged rape in intimate detail. The trial court also relied upon the refusal of Thomas to reconfirm her testimony and her indication that she would assert the Fifth Amendment privilege to refrain from testifying.

On May 5, 1987, the trial court entered an order of summary judgment declaring that State Farm had no duty to defend or indemnify Kim Thomas under the insurance policy. This appeal timely followed.

STATE FARM'S DUTY TO DEFEND

The policy defines bodily injury as "bodily harm, sickness or disease . . ." State Farm's duty to defend is dependent entirely upon the allegations contained in the complaint

against Thomas. *Holland Am. Ins. Co. v. National Indem. Co.*, 75 Wn.2d 909, 911, 454 P.2d 383 (1969). In the present case, Todd failed to allege in his complaint physical harm from the medication. However, where the allegations in the complaint inadequately describe the character of the claim, the unalleged, underlying facts must be examined. *Farmers Home Mut. Ins. Co. v. Insurance Co. of North Am.*, 20 Wn. App. 815, 818–19, 583 P.2d 644 (1978), *review denied*, 91 Wn.2d 1014, *cert. denied*, 442 U.S. 942 (1979). At the motion for summary judgment, the trial court had before it Todd's answer to an interrogatory setting forth the injurious consequences, clearly physical in nature, of the antipsychotic drugs administered to him during his incarceration. These facts provide an adequate basis for State Farm's duty to defend.

### APPLICABILITY OF EXCLUSIONARY CLAUSE

An exclusionary clause in an insurance policy must be strictly construed against the insurer and should be interpreted in the manner in which it would be understood by the average layman purchasing insurance. The exclusionary language must be unambiguous. *Phil Schroeder, Inc. v. Royal Globe Ins. Co.*, 99 Wn.2d 65, 68–69, 659 P.2d 509 (1983), *modified*, 101 Wn.2d 830, 683 P.2d 186 (1984).

It is undisputed that Thomas reported to the police she had been raped by Todd on March 23, 1984, that she persevered in her claim throughout pretrial interviews and then testified in the criminal trial, describing the rape in detail. It is also undisputed that following conviction and sentence, it was established that the accusation and trial testimony were false and that Todd did not rape Thomas. There can be no doubt that Thomas intentionally falsely accused Todd of second degree rape, a felony.

Todd seeks to avoid applicability of the exclusionary clause by urging that the declaration of Laura S. Brown, Ph.D., creates a material factual issue on the "intent" of Thomas with respect to her accusation against Todd. Dr. Brown expressed her opinion that Thomas probably did

not intend to harm Todd, but was unable to form an opinion as to whether Thomas would expect Todd to be harmed by her accusation.

The policy exclusion excludes injury which is "expected or intended by the insured". Accepting Dr. Brown's declaration at face value, the undisputed facts still permit the inference that Thomas "expected" the false accusation to harm Todd. Dr. Brown's opinion is relevant only to the subjective intent of Kim Thomas. Subjective intent is immaterial to our disposition of this case.

█ In *Rodriguez v. Williams,* 107 Wn.2d 381, 729 P.2d 627 (1986), the court held that one committing incest upon his 15–year–old stepdaughter intended harm to the victim as a matter of law, even though the defendant testified that he intended no harm. Unlike the circumstances in *Rodriguez,* we do not have before us a declaration from Kim Thomas in any form saying that she intended no harm to Todd. Even without such a declaration, the reasoning employed by the *Rodriguez* court applies in every respect to the fact pattern of this case. The making of the false accusation was intentional, and the facts of this case demonstrate that in doing so Thomas committed malicious prosecution, a class C felony under RCW 9.62.010, and perjury, a class B felony under RCW 9A.72.020.

*Rodriguez* holds that the Legislature, by making incest a class B felony, recognized that the crime would harm the victim of such an act. *Rodriguez,* at 387. Similarly, in making perjury and malicious prosecution a class B and a class C felony, respectively, the Legislature recognized that persons committing those crimes would harm the victims. Consistent with the facts and reasoning in *Rodriguez,* we hold as a matter of law that the injury suffered by Todd as a result of Thomas' false accusation of rape was an injury "expected or intended" by Thomas.

Once intent is inferred, it is insignificant that the scope or nature of the injuries inflicted is greater than or different from the injuries which objectively might be expected.

*Rodriguez,* at 387. The injurious consequences of the psychotic drugs administered to Todd during his incarceration flowed directly from the false accusation by Thomas. As stated in *Rodriguez,* it is immaterial whether Thomas intended or expected these particular injurious consequences of her false accusation.

The trial court's order of summary judgment in favor of State Farm is affirmed.

GROSSE, J., concurs.

WILLIAMS, J. (concurring)—I concur because the holding in *Rodriguez v. Williams,* 107 Wn.2d 381, 729 P.2d 627 (1986) is directly on point in this case.

Review denied by Supreme Court October 6, 1988.