[No. 4276-1.   Division One.   April 11, 1977.]

INSURANCE COMPANY OF NORTH AMERICA, *Respondent,* v. INSURANCE COMPANY OF THE STATE OF PENNSYL-VANIA, *Appellant,* LELAND CARLISLE, ET AL, *Respondents.*

*Reed, McClure, Moceri & Thonn, P.S.,* and *William R. Hickman,* for appellant.

*Merrick, Hofstedt & Lindsey, Thomas V. Harris, Roberts, Shefelman, Lawrence, Gay & Moch, D. A. Bennett,* and *Robert B. Sherwood,* for respondents.

WILLIAMS, J.—Insurance Company of North America brought this declaratory judgment action against Insurance Company of the State of Pennsylvania and others to determine which of them was responsible for liability coverage and the duty to defend a wrongful death action against EMCO Helicopters, Inc., which both companies insured. All parties moved for summary judgment; the trial court

granted North America's motion and ordered Pennsylvania to pay North America its defense costs and the judgment rendered against EMCO in the wrongful death action. Pennsylvania appeals.

The facts are these. On July 16, 1973, a pilot of EMCO, while operating a helicopter in a high danger fire area, attempted to extinguish a cigarette on the exterior of the helicopter's fuselage. A forest fire resulted. Subsequently, a helicopter owned by a different company fell upon and killed Clayton D. Carlisle, who was fighting the fire on foot. Carlisle's personal representative commenced an action against EMCO and others. Defense of the action was tendered to North America, EMCO's comprehensive general liability and airport liability carrier, and to Pennsylvania, which had issued EMCO an aviation policy. Pennsylvania refused the tender; North America accepted under a reservation of rights and defended the action, which resulted in a money judgment in favor of Carlisle and against EMCO.

Pennsylvania's aviation policy states that the company:

AGREES to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury . . . caused by an occurrence and arising out of the ownership, maintenance or use of the aircraft.

North America's policy provides EMCO with general liability coverage, but contains this exclusion:

This insurance does not apply:

(b) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of
   (1) any . . . aircraft owned or operated by . . . the Named insured, or
   (2) any . . . aircraft operated by any person in the course of his employment by the Named insured.

Pennsylvania's first contention is that it had no duty to defend the action brought against EMCO or to provide liability protection because the complaint did not allege liability within the terms of the coverage. The critical allegation in the complaint against EMCO is that:

The fire . . . was started by the defendant EMCO Helicopters, Inc.'s negligence, in that one of its employees acting within the scope and duties of his employment carelessly and negligently failed to extinguish a cigarette, which cigarette ignited forest debris and resulted in the fire.

■ One rule concerning the duty to defend has been stated as follows:

It is well established in this and other jurisdictions that the insurer's duty to defend, unlike its duty to pay, arises when the complaint is filed and is to be determined from the allegations of the complaint.

*Holland America Ins. Co. v. National Indem. Co.*, 75 Wn.2d 909, 911, 454 P.2d 383 (1969). However, if the allegations of the third party's complaint are inadequate to determine the character of the claim, the facts giving rise to the potential liability must be investigated. *Transamerica Ins. Group v. Chubb & Son, Inc.*, 16 Wn. App. 247, 554 P.2d 1080 (1976); *Hartford Accident & Indem. Co. v. Civil Serv. Employees Ins. Co.*, 33 Cal. App. 3d 26, 108 Cal. Rptr. 737 (1973). The question of whether Pennsylvania's insurance actually covered the event could only be determined by an examination of the facts because the circumstances of the negligent failure to extinguish the cigarette were not recited in the third party's complaint.

■ This leads to Pennsylvania's next and principal contention, that the liability of EMCO did not arise out of the ownership, maintenance, or use of a helicopter. It argues, with some plausibility, that the pilot's extinguishing the cigarette upon the fuselage is not an occurrence within that framework. The rule is stated in *Westchester Fire Ins. Co. v. Continental Ins. Co.*, 126 N.J. Super. 29, 38–39, 312 A.2d 664 (App. Div. 1973) as follows:

The inquiry should be whether the negligent act which caused the injury, although not foreseen or expected, was in the contemplation of the parties to the insurance contract a natural and reasonable incident or consequence of the use of the automobile, and thus a risk against which

they might reasonably expect those insured under the policy would be protected. . . .

. . .

In our mobile society the act of throwing *or dropping* objects from moving vehicles is not such an uncommon phenomenon that such occurrence may not be anticipated, nor so inconsequential that members of the public need no financial protection from the consequences thereof. However antisocial such conduct may be, everyday experience tells us that various objects are thrown or permitted to fall from moving vehicles. Common examples are *lighted cigarettes* and cigars, food and drink containers, and other debris.

(Italics ours.) *Accord, State Farm Mut. Auto. Ins. Co. v. Centennial Ins. Co.,* 14 Wn. App. 541, 543 P.2d 645 (1975); *Hartford Accident & Indem. Co. v. Civil Serv. Employees Ins. Co., supra; National Indem. Co. v. Corbo,* 248 So. 2d 238 (Fla. Dist. Ct. App. 1971); *see also* 14 R. Anderson, *Couch Cyclopedia of Insurance Law* § 51.45 n.12.1 (1965, Supp. 1976).

Cigarette smoking at all times in all circumstances is commonplace, albeit reprehensible; attempts to extinguish lighted cigarettes upon any object within reach are also commonplace and also reprehensible. Although the injury to Carlisle was not expected or foreseen, the action of the pilot in smoking in the helicopter and stubbing out his cigarette on the fuselage was within the contemplation of the parties as a reasonably expected event arising out of the use of the helicopter.

█ Because the subject matter of the wrongful death action was within the coverage of Pennsylvania's policy, that company must pay the damages assessed, reasonable attorney's fees and incidental costs incurred in defending the action. *Bosko v. Pitts & Still, Inc.,* 75 Wn.2d 856, 454 P.2d 229 (1969).

The judgment is affirmed.

SWANSON and CALLOW, JJ., concur.

Petition for rehearing denied August 3, 1977.

Review denied by Supreme Court January 20, 1978.