[No. 5553–1–III.   Division Three.   March 13, 1984.]

GUS C. SMITH, ET AL, *Respondents,* v. OHIO CASUALTY
INSURANCE COMPANY, *Appellant.*

*Patrick R. Acres,* for appellant.

*Charles M. Andersen* and *Winston & Cashatt,* for respondents.

MUNSON, C.J.—Ohio Casualty Insurance Company (Ohio Casualty) appeals from a summary judgment holding it liable for breach of an insurance contract and for violation of the Consumer Protection Act (CPA). It claims: (1) it should not have been collaterally estopped from contesting the findings of fact from prior litigation; (2) the policy does not in fact provide coverage; (3) it should not have been barred from raising additional policy exclusions as a defense to this action; and (4) there was no CPA violation, and even if there was, attorney fees should not have been awarded. We affirm as modified herein.

Gus Smith, as president and sole owner of Cascade Diesel, Inc., contracted with Duncan Crane Services, Inc., to install a "jake brake" on a crane. It was agreed Smith would perform the work at Duncan Crane's place of business. A Duncan Crane representative specifically told Smith not to move the crane and that someone from Duncan Crane would move it if necessary. Nevertheless, Smith and a man he apparently brought with him attempted to move the crane into a shed so Smith could work in a warm place (it was February). The butt–end section of the boom was damaged in the process.

Smith reported the incident to his insurance agent, who reported it to Ohio Casualty. Smith's policy with Ohio Casualty consists of three separate parts: Garage Insurance, Comprehensive Automobile Liability Insurance, and Gar-

agekeepers' Insurance. Duncan Crane brought suit against Smith and Cascade Diesel. *Duncan Crane Services, Inc. v. Smith*, Grant County cause 28898 (Oct. 16, 1980). Ohio Casualty denied coverage and refused to defend the suit on the basis of the faulty workmanship exclusion of the garagekeepers' policy. Smith retained counsel. After a trial, judgment was entered against Smith and Cascade Diesel for repair costs plus interest.

Ohio Casualty refused to pay the judgment. Smith assigned his chose–in–action against Ohio Casualty to Duncan Crane's insurer, who brought this action.[1] The trial court granted plaintiffs' motion for summary judgment, awarding them the amount of the original judgment, costs and attorney fees for the original defense and for bringing this action, treble damages under the CPA, plus interest.

■ We note Ohio Casualty failed to raise an issue of fact as required by CR 56(e). It submitted only a brief raising legal points in opposition to Smith's motion for summary judgment. Counsel's brief does not rise to the level of evidence required by CR 56(e). *Welling v. Mount Si Bowl, Inc.*, 79 Wn.2d 485, 487 P.2d 620 (1971). Bare allegations noted therein are insufficient to raise an issue of fact. *Meissner v. Simpson Timber Co.*, 69 Wn.2d 949, 421 P.2d 674 (1966). Plaintiffs, on the other hand, supported their motion with affidavits; summary judgment was proper on this record. CR 56(c).

Ohio Casualty first contends it was wrongfully estopped from contesting a finding in the original litigation that Smith's negligence was not faulty workmanship. At oral argument, Ohio Casualty conceded this incident was not "faulty work performed" and that there is coverage unless some other exclusion applies. We therefore do not address this issue.

Ohio Casualty next contends the policy does not in fact provide coverage. At issue are coverage D of the automobile policy, coverage H of the garage policy, and Garagekeepers'

---

[1] For convenience, plaintiffs/respondents will still be referred to as Smith.

Insurance. Because we hold the garagekeepers' policy provides coverage, we do not address coverages D and H.

The Garagekeepers' Insurance provides, "COMPREHENSIVE COVERAGE—loss to an automobile from any cause" with certain exceptions not pertinent here. It specifically covers damage occurring away from the insured's premises if the insured is attending the subject automobile. The policy defines automobile as "land equipment capable of moving under its own power", and Ohio Casualty does not dispute this crane is an automobile within the meaning of the policy. Rather, it denied coverage on the basis of the "faulty work performed" exclusion, which it now concedes was error on these facts. And, unlike coverages D and H, there is no exclusion here for property in the "care, custody and control" of the insured.

The Garagekeepers' Insurance also imposes upon Ohio Casualty the duty to defend any lawsuit brought "on account of such loss, even if any of the allegations of the suit are groundless, false or fraudulent". Yet, Ohio Casualty declined to defend Duncan Crane Services, Inc. v. Smith. We hold the Garagekeepers' Insurance covered this incident and that Ohio Casualty breached its duty to defend the first lawsuit.

Ohio Casualty next contends it was erroneously barred from asserting policy exclusions not listed in the original denial of coverage. The trial court apparently relied on WAC 284-30-380, which states an insurer has 15 days to settle claims or give reasons why more time is needed. If there was error, it was harmless, in light of our holding that the garagekeepers' policy does in fact provide coverage.

Lastly, Ohio Casualty contends the trial court erred in finding a CPA violation and that attorney fees should not have been awarded.

The CPA, RCW 19.86, covers unfair or deceptive acts of insurers. *Salois v. Mutual of Omaha Ins. Co.,* 90 Wn.2d 355, 581 P.2d 1349 (1978). Ohio Casualty correctly asserts mere denial of coverage due to a debatable question of coverage is not bad faith giving rise to a CPA violation.

*Miller v. Indiana Ins. Cos.*, 31 Wn. App. 475, 642 P.2d 769 (1982). There is no evidence in the record of bad faith; therefore, we cannot uphold the trial court's judgment for CPA damages. The judgment should be reduced by $1,000 awarded under the CPA.

▇ Ohio Casualty also contends the attorney fees incurred in the original defense are not proper damages.[2] Damages for an insurer's breach of its duty to defend include reimbursement to the insured of attorney fees and costs incurred in defending the lawsuit. *Phil Schroeder, Inc. v. Royal Globe Ins. Co.*, 99 Wn.2d 65, 659 P.2d 509 (1983); *Insurance Co. of N. Am. v. Insurance Co.*, 17 Wn. App. 331, 562 P.2d 1004 (1977).

▇ We hold Smith may also recover his attorney fees for this action. The fees were incurred because of Ohio Casualty's continuing breach of its duty to defend. Washington courts have already recognized an insured may recover fees incurred in defending a declaratory judgment action brought by the insurer, if the policy contains a clause providing for reimbursement of "expenses incurred at the company's request." *Farmers Ins. Co. v. Rees*, 96 Wn.2d 679, 638 P.2d 580 (1982); *Travelers Ins. Cos. v. North Seattle Christian & Missionary Alliance*, 32 Wn. App. 836, 650 P.2d 250 (1982). This policy has such a clause. Smith should not be denied attorney fees here because he brought this action rather than wait for Ohio Casualty to commence a declaratory judgment action; in all likelihood, Ohio Casualty would not have done so under these facts. *See generally* Annot., *Insured's Right To Recover Attorneys' Fees Incurred in Declaratory Judgment Action To Determine Existence of Coverage Under Liability Policy*, 87 A.L.R.3d 429 (1978).

Pursuant to RAP 12.2, the judgment is affirmed as modi-

---

[2]This is assignment of error 4. In the body of its brief, Ohio Casualty contends Duncan Crane should not be awarded its fees incurred in the original action. Duncan Crane was not awarded fees for the first lawsuit. We assume Ohio Casualty means Cascade Diesel.

fied. It is reduced by $1,000 to $22,342.92 plus interest. Smith's motion for attorney fees in the amount of $1,350 for this appeal is granted. *See* RAP 18.1.

McINTURFF and THOMPSON, JJ., concur.