NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | | |
|---|---|---|
| WESTPORT INSURANCE CORPORATION, | ) ) ) | No. 10-35075 |
| | ) | D.C. No. 2:08-CV-00221-RHW |
| Plaintiff – Appellant, | ) | |
| | ) | **MEMORANDUM**[*] |
| v. | ) | |
| | ) | |
| MARKHAM GROUP INC. PS; MARK KAMITOMO; RACHEL NAIDU, individually and as personal representative of the Estate of James L. Overcash, | ) ) ) ) ) ) | |
| | ) | |
| Defendants – Appellees. | ) ) | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Senior District Judge, Presiding

Argued and Submitted November 3, 2010
Seattle, Washington

Before:     B. FLETCHER, FERNANDEZ, and BYBEE, Circuit Judges.

Westport Insurance Corporation appeals the district court's grant of

summary judgment and attorney's fees against it and in favor of the Markham

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Group, Inc., P.S. law firm and one of its members, Mark Kamitomo (collectively "insureds") and one of their former clients, Rachel Naidu. We have jurisdiction[1] and we reverse and remand.

(1) Insureds had a claims made and reported policy (hereafter "claims made policy") with Westport effective July 1, 2007, which, inter alia, provided an exclusion for "any act, error, omission, circumstance or PERSONAL INJURY occurring prior to the effective date of this POLICY if any INSURED at the effective date knew or could have reasonably foreseen that such act, error, omission, circumstance or PERSONAL INJURY might be the basis of a CLAIM." Prior to that date, the insureds knew that, due to errors on their part, a client's case had been dismissed and could not be refiled.[2] Indeed, they had been sanctioned at that time for filing a baseless claim without proper investigation. They assert that the exclusion does not apply because its language regarding reporting if their actions "might be the basis" of a claim was ambiguous. We disagree. Under the law of Washington, clear and unambiguous policy language is enforced as written, and a court "may not modify it or create ambiguity where none exists." <u>Am. Nat'l.</u>

_____

[1]28 U.S.C. § 1291.

[2]That is, it could not be refiled unless the trial court's judgment was overturned on appeal. It was not; in fact, the insureds were sanctioned for bringing a frivolous appeal.

Fire Ins. Co. v. B & L Trucking & Constr. Co., Inc., 951 P.2d 250, 256 (Wash. 1998); see also Assurance Co. of Am. v. Wall & Assocs. LLC of Olympia, 379 F.3d 557, 560 (9th Cir. 2004); Greenfield v. W. Heritage Ins. Co., 226 P.3d 199, 202 (Wash. Ct. App. 2010). Here, any reasonable insured would have recognized that the errors in question "might" result in a claim. See Tewell, Thorpe & Findlay, Inc., P.S. v. Cont'l Cas. Co., 825 P.2d 724, 726–28 (Wash. Ct. App. 1992); see also Allstate Ins. Co. v. Peasley, 932 P.2d 1244, 1249 (Wash. 1997). In short, the district court erred when it declared that the policy was ambiguous and, in effect, amended it to create coverage.

(2)    The insureds then assert that an earlier claims made policy, with an effective date of July 1, 2006, should provide coverage even though they violated its terms by not giving notice at the proper time. They argue that the notice-prejudice rule should apply. However, while that rule is applied to occurrence policies, claims made policies are fundamentally different in character. See Am. Cont'l Ins. Co. v. Steen, 91 P.3d 864, 867 (Wash. 2004). They, by their very nature, require reporting "during the policy period." Schwindt v. Commonwealth Ins. Co., 997 P.2d 353, 356 n.3 (Wash. 2000). As the Washington Court of Appeals has stated in rejecting application of the notice-prejudice rule to a claims made policy, its application "would . . . provide coverage the insurer did not intend

3

to provide and the insured did not contract to receive." Safeco Title Ins. Co. v. Gannon, 774 P.2d 30, 35 (Wash. Ct. App. 1989). In fact, it "'[would negate] the inherent difference between'" occurrence and claims made policies, and would rewrite the insurance contract. Id.; see also Manufactured Hous. Cmtys. of Wash. v. St. Paul Mercury Ins. Co., 660 F. Supp. 2d 1208, 1214–15 (W.D. Wash. 2009). We are satisfied that the Washington Supreme Court would agree with that reasoning. Thus, again, we must disagree with the district court.[3]

In short, judgment should have been and should now be entered in favor of Westport.

REVERSED and REMANDED.

---

[3]Because of our resolution of the merits, the attorney's fee award against Westport must also fall. Cf. Smith v. Ohio Cas. Ins. Co., 678 P.2d 829, 831 (Wash. Ct. App. 1984).

4