James B. LUNSFORD; Regina T. Charboneau; Bay Vista Enterprises, Inc., Plaintiffs–Appellants,

v.

AMERICAN GUARANTEE & LIABILITY INSURANCE CO., Defendant–Appellee.

No. 91–16536.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 13, 1993.

Memorandum Filed Jan. 10, 1994.

Order and Opinion Filed March 17, 1994.

---

Raymond C. Oleson, San Francisco, CA, for plaintiffs-appellants.

Paul E.B. Glad and Philip A. O'Connell, Jr., Sonnenschein Nath & Rosenthal, San Francisco, CA, for defendant-appellee.

Irving H. Greines and Feris M. Greenberger, Greines, Martin, Stein & Richland, Beverly Hills, CA, for amicus.

Before: GOODWIN, HUG, and FLETCHER, Circuit Judges.

## ORDER

The memorandum disposition filed January 10, 1994, is redesignated as an authored opinion by Judge Hug.

## OPINION

HUG, Circuit Judge:

■ This case asks us to determine whether, under California law, a general liability insurance policy which promises to defend an insured against "malicious prosecution" includes a duty to defend against an "abuse of process" claim. The district court held that it did not and granted summary judgment in favor of the insurer, American Guarantee & Liability Insurance Company ("American"), 775 F.Supp. 1574. We reverse.

The district court's jurisdiction was based upon 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## I

We review a grant of summary judgment de novo. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 629 (9th Cir.1987). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Tzung v. State Farm Fire and Casualty Co.,* 873 F.2d 1338, 1339–40 (9th Cir.1989).

This case was removed to federal court from California state court on the basis of diversity jurisdiction. The parties agree that California substantive law applies. *See Intel Corp. v. Hartford Accident & Indemnity Co.,* 952 F.2d 1551, 1556 (9th Cir.1991).

## II

The policy covered personal injury resulting from malicious prosecution by the insured, and included the duty to defend any suit seeking damages based on malicious prosecution. James B. Lunsford, Regina T. Charboneau, and Bay Vista Enterprises, Inc. ("the insureds") contend that the "malicious prosecution" clause includes a duty to defend the insured against a counterclaim that alleged abuse of process.

■ "Malicious prosecution" as used in the policy is ambiguous because it is not defined in the policy and because a layperson's understanding would differ from the legal definition of the term. *See Producers Dairy Delivery Co. v. Sentry Ins. Co.,* 41 Cal.3d 903, 226 Cal.Rptr. 558, 562, 718 P.2d 920, 924 (1986) (language is ambiguous if it is capable

of two or more reasonable constructions); *Crane v. State Farm Fire & Casualty Co.*, 5 Cal.3d 112, 95 Cal.Rptr. 513, 514, 485 P.2d 1129, 1130 (1971) (in bank) (policy should be read as a layman would read it and not as it might be analyzed by an attorney or an insurance expert), *superseded on other grounds by statute, as noted in Hoffman–Haag v. Transamerica Ins. Co.*, 1 Cal.App. 4th 10, 1 Cal.Rptr.2d 805 (1991).

A layperson could believe reasonably that the words "malicious prosecution" only required a lawsuit or other legal proceeding to be brought maliciously or spitefully for an improper purpose. A layperson also could believe reasonably that a counterclaim for abuse of process satisfied that requirement. Thus, the distinction between malicious prosecution and abuse of process is "at best unclear." *Koehring Co. v. American Mutual Liability Insur. Co.*, 564 F.Supp. 303, 311 (E.D.Wis.1983).

 Even the distinction between the two terms as they are understood by lawyers and judges is less than clear. The elements of the tort of malicious prosecution are (1) a prior action commenced by or at the direction of the defendant and pursued to a legal termination in his favor; (2) brought without probable cause; and (3) initiated with malice. *Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.*, 42 Cal.3d 1157, 232 Cal.Rptr. 567, 575, 728 P.2d 1202, 1209 (1986). The elements of the tort of abuse of process are (1) an ulterior purpose; and (2) a wilful act in the use of the process not proper in the regular conduct of the proceeding. *Id.* at 574, 728 P.2d at 1209. Although the "act of improperly instituting or maintaining an action" may give rise to a cause of action for malicious prosecution, "the mere filing or maintenance of a lawsuit—even if for an improper purpose—is not

a proper basis for an abuse of process action." *Id.* at 574, 728 P.2d at 1209.

Although the elements of the two torts technically are different, the distinction is not as clear as American insists. Prosser and Keeton observe:

> Abuse of process differs from malicious prosecution in that the gist of the tort is not commencing an action or causing process to issue without justification, but misusing, or misapplying process justified in itself for an end other than that which it was designed to accomplish.
>
> ... [T]he two torts have the common element of an improper purpose in the use of legal process, and *there are many cases in which [the two torts] overlap and either will lie*, such as ... any unjustified criminal prosecution or civil action in which legal process is used for an end other than that of the proceeding itself.

W. Page Keeton et al., Prosser & Keeton on Torts § 121, at 897–98 (5th ed. 1984) (emphasis added).

While California courts have not yet considered whether "malicious prosecution" coverage includes actions for abuse of process, the analysis in *Koehring* is consistent with California law.[1] The *Koehring* court applied Wisconsin law and interpreted language in a "Personal Injury Liability Coverage Endorsement" that included "malicious prosecution" as a covered hazard. 564 F.Supp. at 308. The court concluded that the "theoretical legal distinction between 'malicious prosecution' and 'abuse of process' is not so clear that insurance coverage of one should exclude coverage of the other *unless the exclusion is specifically stated* in the policy." *Id.* at 311 (emphasis added). American responds that the insureds' policy did specifi-

---

1. American relies on *Parker Supply Co. v. Travelers Indemnity Co.*, 588 F.2d 180 (5th Cir.1979) (applying Alabama law and holding that the term was not ambiguous), and *R.A. Hanson Co. v. Aetna Insurance Co.*, 26 Wash.App. 290, 612 P.2d 456, 459 (1980) (holding that malicious prosecution was not ambiguous and did not include abuse of process). However, those cases are based on rules of construction contrary to California law, which requires a reasonable layperson construction of insurance policies. *AIU In-*

*surance Co. v. Superior Court*, 51 Cal.3d 807, 274 Cal.Rptr. 820, 831, 799 P.2d 1253, 1271. In California, the duty to defend arises if potential liability exists, and thus potential allegations are relevant in California. An insurer must defend whenever the facts available to the insurer from the complaint or other sources available to it at the time of the tender of defense give rise to the possibility of liability to indemnify. *CNA Casualty v. Seaboard Surety Co.*, 176 Cal.App.3d 598, 222 Cal.Rptr. 276, 279 (1986).

cally exclude "unenumerated torts" by stating:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" or "advertising injury" to which this insurance applies. No other obligation or liability to pay sums or perform acts or services is covered *unless explicitly provided for* under SUPPLEMENTARY PAYMENTS–COVERAGES A AND B. We will have the right and duty to defend any "suit" seeking those damages.

This, however, falls short of the specific exclusion intended by *Koehring*, which was concerned with the confusion arising from the overlapping nature of the two torts at issue.

People buy insurance to protect themselves from legal costs for defending claims of various kinds. There is no reason, given the overlap between malicious prosecution and abuse of process (particularly in the eyes of those untrained in the law), why persons who purchase insurance covering the cost of defending against the one claim would not also expect the contract to cover the cost of defending against the other. The term as used in the policy is ambiguous. Therefore, we resolve the issue in favor of coverage.

### III

The district court did not reach the insureds' claims for extra-contractual damages for breach of the implied covenant of good faith and fair dealing, attorneys' fees, and punitive damages. The insureds argue that these issues should be returned to the district court for further proceedings.

■ The district court based its denial of relief on the breach of the covenant of good faith and fair dealing and punitive damages issues on the ground that American had no duty to defend. Thus, no findings were made as to the reasonableness of American's actions. Because no discovery occurred on these claims, the insureds argue that reversal of the duty to defend decision requires remand of these additional issues as well. However, a court can conclude as a matter of law that an insurer's denial of a claim is not unreasonable, so long as there existed a genuine issue as to the insurer's liability. *Franceschi v. American Motorists Ins. Co.*, 852 F.2d 1217, 1220 (9th Cir.1988). An insurer is liable for breach of the implied covenant of good faith and fair dealing if it acted unreasonably in denying coverage. *Gruenberg v. Aetna Ins. Co.*, 9 Cal.3d 566, 108 Cal.Rptr. 480, 484–86, 510 P.2d 1032, 1036 (1973) (in bank). Because American investigated the insureds' claim and based its refusal to defend on that information and a reasonable construction of the policy, American did not act in bad faith, and we conclude that American was entitled to summary judgment on the implied covenant of good faith and fair dealing claim.

■ Punitive damages may be awarded when the insurer breaches the covenant of good faith and fair dealing and is "guilty of oppression, fraud or malice." *Tibbs v. Great American Ins. Co.*, 755 F.2d 1370, 1375 (9th Cir.1985) (applying California law). We hold that American was also entitled to summary judgment on the punitive damages claim.

**AFFIRMED in part, AND REVERSED in part.**