61 F.3d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
GOLDEN VILLAGE, LTD.; Kenneth Schofield; Carole Wagner,
Plaintiffs-Appellants,
v.
INSURANCE COMPANY OF NORTH AMERICA, Defendant,
and
American States Insurance Company, Defendant-Appellee.
 No. 93-56681.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 7, 1995.
Decided July 11, 1995.
 
 Before: WALLACE, Chief Judge, and KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 1. The district court did not abuse its discretion in vacating the entry of default, which it may do upon a showing of good cause. Fed. R. Civ. P. 55(c). In this case, good cause clearly existed: (1) American States Insurance Company ("American") had a meritorious defense; (2) American did not purposefully fail to file an answer to the first amended complaint; (3) Golden Village, Ltd., Kenneth Schofield, and Carole Wagner (collectively "Golden") presented no evidence that they would be prejudiced if the entry of default were vacated. See Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945-46 (9th Cir. 1986).
 
 
 3
 2. The district court properly granted American's motion for summary adjudication on the claim of breach of the duty of good faith. An insurer acts in bad faith when it unreasonably refuses to defend. Lunsford v. American Guar. & Liab. Ins. Co., 18 F.3d 653, 656 (9th Cir. 1994). Where there is a genuine issue as to the insurer's liability to defend, a court may find that an insurer was not unreasonable. Id. Here, American was able to persuade the district court that it had interpreted the insurance contract correctly and thus had rightly refused to defend Golden. Golden Village, Ltd. v. Insurance Co. of North America, No. 91-55414, at 2 (9th Cir. June 25, 1992) (mem.). Although we reversed the district court, id., we held that there was an ambiguity in the insurance contract, id. at 6, and did not criticize the reasonableness of American's interpretation of that contract.
 
 
 4
 3. The district court did not err in denying Golden's motion for summary adjudication as to the breach of contract claim and in appointing a special master instead. American presented evidence that Golden's motion for summary adjudication contained damages under the breach of contract claim that, by law, could not be recovered. And, in situations requiring the difficult computation of damages, reference to a special master is unexceptional. See Fed. R. Civ. P. 53(b); Gon v. First State Ins. Co., 871 F.2d 863, 869 (9th Cir. 1989).
 
 
 5
 4. As a matter of law, Golden is entitled neither to attorneys' fees for this coverage action, see Zurich Ins. Co. v. Killer Music, Inc., 998 F.2d 674, 680 (9th Cir. 1993) nor to attorneys' fees incurred in the underlying action before Golden tendered the defense to American, see Gribaldo, Jacobs, Jones and Assoc. v. Agrippina Versicherunges A.G., 3 Cal. 3d 434, 448-49 (1970). However, Golden may be entitled to consequential damages that were proximately caused by or would ordinarily have resulted from the failure to provide a legal defense in the underlying action. See Cal. Civ. Code Sec. 3300 (1994); Wint v. Fidelity & Cas. Ins. Co., 9 Cal. 3d 257, 261 (1973); Allan D. Windt, Insurance Claims and Disputes Sec. 4.31 (2d ed. 1988). The record contains insufficient evidence on this issue and the district court, therefore, erred in entering judgment in American's favor. Cf. 999 v. C.I.T. Corp., 776 F.2d 866, 872 (9th Cir. 1985). We remand for a determination as to the existence and extent of American's liability for consequential damages stemming from the breach of the insurance contract.
 
 
 6
 AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3