108 F.3d 1385
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, Plaintiff/Appellee,
v.
Anamarie AGUIRRE, Defendant/Appellant.
Anamarie AGUIRRE, Counter-Claimant/Appellant,
v.
MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,
Counter-Defendant/Appellee.
 No. 95-56379.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 7, 1997.
Decided March 10, 1997.
 
 1
 Before: BEEZER and KOZINSKI, Circuit Judges, and INGRAM,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 We have jurisdiction under 28 U.S.C. § 1291 and we AFFIRM the order of the district court.
 
 
 4
 We review a grant of summary judgment de novo. State Farm Fire and Casualty Co. v. Martin, 872 F.2d 319 (9th Cir.1989).
 
 
 5
 The record shows misstatements of fact made by Appellant on her policy applications concerning:
 
 
 6
 1. Earned income reported for federal taxes: Appellant claimed her income for 1991 was $67,500, even though her already-completed tax return put the figure at $50,000. She also claimed her income from January to August of 1992 was $115,000, even though her earnings for that period totaled only $55,000. Appellant claims this second discrepancy can be explained by her use of accrual-based accounting, but she offered no corrected balance sheets to prove it.
 
 
 7
 2. Net Financial Worth: Appellant claimed her net worth was $2.5 million, even though only two months prior to completing her applications she submitted documents to the bankruptcy court setting that figure at no more than $500,000. Appellant's expert asserts that, at the time the policies were completed, her "financial gross revenues total[ed] $2,650,084." ER 7 at 3. This gross revenue figure is by definition not a measure of net worth.
 
 
 8
 3. Business Expenses: Appellant claimed her operating expenses were $964,180, while her tax return listed only $372,224 in total expenses for both of her firms.
 
 
 9
 4. Occupation: Appellant described her occupation as "administrator and owner of medical clinic," claimed that she was not self-employed, and denied that she had engaged or planned to engage in any other occupation. In fact, she was not licensed to own or administer a clinic, nor was she partners with anyone so licensed. She operated computer and translating businesses and, two weeks after denying she planned to change occupations, started a new firm designed "to distribute funds for advertising."
 
 
 10
 These misrepresentations were material. "The fact that the insurer has demanded answers to specific questions in an application for insurance is in itself usually sufficient to establish materiality as a matter of law." Thompson v. Occidental Life Ins., 9 Cal.3d 904, 916 (1973). Moreover, Appellant's misrepresentations relate directly to her ability to qualify for the amount of coverage requested and, if known, would surely "have made the contract less desirable to the insurer." Id.
 
 
 11
 Appellant claims she should be excused from including these material misrepresentations in her applications because the forms were filled out in part by two Massachusetts Mutual agents. Apart from the fact that this claim is largely inconsistent with her previous deposition testimony, Appellant had an opportunity to review and sign the applications, and was not misled into believing that the inaccurate entries were not material. She was therefore under an affirmative obligation to correct any errors, even those caused by the negligence of Massachusetts Mutual's agents. See Rutherford v. Prudential Ins. Co., 234 Cal.App.2d 719, 727 (Cal.Ct.App.1965). Having failed to do so, she adopted the misstatements as her own.
 
 
 12
 Because Appellant made material representations on her applications, Massachusetts Mutual is entitled to rescind the policies. See Cal.Ins.Code § 359. As Appellant has failed to prove that she was wrongfully denied benefits under these policies, she is likewise barred from recovering on any extra-contractual theories of liability. See Lunsford v. American Guarantee & Liability Ins. Co., 18 F.3d 653, 656 (9th Cir.1994).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The Honorable William A. Ingram, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3