112 F.3d 515
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jennifer DAYTON; and Heather Geyer By and Through Her
Guardian Ad Litem, Mary Jarrel, Plaintiffs-Appellants,
v.
J.C. PENNEY LIFE INSURANCE COMPANY, Defendant-Appellee.
 No. 95-56014.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1996.*
Decided April 23, 1997.
 
 1
 Before: GOODWIN, WIGGINS and NOONAN, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Jennifer Dayton and Heather Geyer, by and through her guardian ad litem Mary Jarrel, appeal the district court's grant of J.C. Penney Life Insurance Company's motion for summary adjudication that (1) J.C. Penney did not act in bad faith by denying their claim for accidental death benefits pursuant to a policy issued to the insured, Ronald Geyer, and that (2) J.C. Penney would not be subject to punitive damages under California law. We affirm.
 
 
 4
 * J.C. Penney Life Insurance Company issued a policy insuring the life of Ronald Geyer. Late one night he travelled from Arizona and visited the home of a former girlfriend. That night her boyfriend was staying with her. There is evidence Geyer was armed with a pistol. As the result of an altercation which developed between the two men, Geyer died. The heirs of Geyer (Dayton) made a claim against J.C. Penney Life Insurance. J.C. Penney disputed the claim arguing that Geyer's death was not accidental as the death was a foreseeable consequence of his actions. On February 13, 1995 the district court granted summary judgment to J.C. Penney on Dayton's bad faith and punitive damages claim.
 
 II
 
 5
 A grant of summary judgment is reviewed de novo. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1994). The appellate court's review is governed by the same standard used by the trial court under Federal Rule of Civil Procedure 56(c). Suitum v. Tahoe Regional Planning Agency, 80 F.3d 359, 361 (9th Cir.1996). The appellate court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Bagdadi, 84 F.3d at 1197.
 
 
 6
 Whether Geyer's death was a reasonably foreseeable consequence of his actions is a matter of dispute settled by a jury in favor of Dayton. However, Dayton has not brought forth evidence that J.C. Penney contested the claim in bad faith. J.C. Penney did not view Geyer's death as accidental and had reasonable evidence to support this view. J.C. Penney's insistence that Dayton prove her case before a jury does not constitute bad faith. Cf. Lunsford v. American Guarantee & Liability Ins. Co. 18 F.3d 653, 656 (9th Cir.1994). Dayton has failed to provide evidence that J.C. Penney acted fraudulently, with bad faith or with malice. The district court's summary adjudications of Dayton's claims for bad faith and for punitive damages are AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3