COPART, INC., a California Corporation, Plaintiff—Appellant–Cross–Appellee,

v.

TRAVELERS INS. CO., a Connecticut Corporation, Defendant—Appellee–Cross–Appellant.

No. 99–17380, 99–17470.
D.C. No. CV–97–01862–VRW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 16, 2001.

Decided April 3, 2001.

Before REINHARDT, RYMER, and FISHER, Circuit Judges.

### MEMORANDUM *

The district court granted summary judgment in favor of Copart, Inc. on its claim for breach by Travelers Insurance Co. of the duty to defend the Woltz lawsuit, awarded prejudgment interest, and granted summary judgment in favor of Travelers on Copart's bad faith claim. Both parties appealed. We have jurisdiction and we affirm.

### I

■ Travelers argues that there was no duty to defend the Woltz action because Copart was not sued for copyright infringement committed "in the course of" its advertising. Although the Woltz complaint did not specifically articulate an advertising claim, the copyright infringement that it did allege could encompass copies of the program interface which Copart left with potential customers as a demonstration of its services. Copart made Travelers aware of this. "[F]acts disclosing a bare potential for coverage are sufficient to require a defense." *Peerless Lighting Corp. v. American Motorists Ins. Co.*, 82 Cal.App.4th 995, 98 Cal.Rptr.2d 753, 759

(Cal.Ct.App.2000); *Montrose Chemical Corp. v. Superior Court*, 6 Cal.4th 287, 300, 24 Cal.Rptr.2d 467, 861 P.2d 1153 (Cal. 1993) ("the insured need only show that the underlying claim may fall within policy coverage; the insurer must prove it cannot."). *Microtec Research, Inc. v. Nationwide Mutual Ins. Co.*, 40 F.3d 968 (9th Cir.1994), upon which Travelers relies, does not compel a different result because there, the third-party complaint did not state a claim either for advertising injury or for copyright infringement; rather, it alleged misappropriation of intellectual property, which we analogized to patent infringement that does not give rise to coverage under an "advertising injury" clause.[1]

■ Travelers further contends that even if software demonstrations were at issue in the underlying action, they do not create a duty to defend because they were not sufficiently widespread to constitute "advertising," *see Bank of the West v. Superior Court*, 2 Cal.4th 1254, 1276–77, 10 Cal.Rptr.2d 538, 833 P.2d 545 (1992), and in any event, simply exposed (rather than caused) the copyright infringement. *See Simply Fresh Fruit, Inc. v. Continental Ins. Co.*, 94 F.3d 1219 (9th Cir.1996). Neither the policy nor California law defines "advertising." Although some courts have required that the advertising be widespread, others have included activities a smaller company directs solely at a narrow market segment. *See New Hampshire Ins. Co. v. Foxfire, Inc.*, 820 F.Supp. 489 (N.D.Cal.1993). The California Supreme Court has noted that "the definition of 'advertising' is quite broad and may encompass a great deal of activity." *Bank of the West*, 2 Cal.4th at 1275, 10 Cal.Rptr.2d

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. *See, e.g., Iolab Corp. v. Seaboard Surety Co.*, 15 F.3d 1500 (9th Cir.1994).

538, 833 P.2d 545 (citation omitted). Both the California Supreme Court and the courts of appeal have acknowledged the two possible definitions of "advertising" but have refused to decide between them. *Id.*, at 1277 n. 9, 10 Cal.Rptr.2d 538, 833 P.2d 545; *Peerless,* 98 Cal.Rptr.2d at 760–63. Accordingly, the definition of "advertising" as applied in this case is "susceptible to two or more reasonable constructions despite the plain meaning of its terms within the context of the policy as a whole," and is therefore ambiguous. *Palmer v. Truck Ins. Exch.,* 21 Cal.4th 1109, 1115, 90 Cal.Rptr.2d 647, 988 P.2d 568 (1999) (citation omitted). Construing the ambiguity so as to protect the insured's reasonable expectation of coverage, as we must, *id.,* Copart's use of the material Woltz allegedly copyrighted to sell its services could constitute copyright infringement "in the course of" advertising activities. And unlike the fruit-cutting device in *Simply Fresh,* the demonstration copy would itself be an act of infringement—not an act exposing the fact of prior infringement.

In sum, because copyright infringement *can* give rise to advertising injury under the express terms of the Travelers policy, Copart showed at least a bare potential for coverage, thus triggering the duty to defend.

## II

■ Travelers disputes the date as of which the district court awarded prejudgment interest pursuant to California Civil Code § 3287(a). "[D]amages are considered certain or capable of being made certain where there is essentially no dispute between the parties concerning the basis of computation of damages if any are recoverable but where their dispute centers on the issue of liability giving rise to damage." *Safeway Stores, Inc. v. Nat'l Union Fire Ins. Co.,* 64 F.3d 1282, 1291 (9th Cir.1995) (quotation omitted). Here, although Copart did not turn over copies of its legal bills to Travelers as they were incurred, Travelers knew that if it were found to have breached the duty to defend it would be liable for defense costs, and those costs were fixed. The parties settled on a figure for damages that was only slightly lower than the amount Copart initially sought; there are no fluctuating market values, no need for an accounting, and no dispute as to the extent of the injury or scope of the breach. The district court did not abuse its discretion in finding that the fees were ascertainable as incurred. *See Highlands Ins. Co. v. Continental Cas. Co.,* 64 F.3d 514, 521–22 (9th Cir.1995) (reviewing award of prejudgment interest under § 3287(a) for abuse of discretion).

## III

■ Copart appeals the denial of discovery on its bad faith claim, and the dismissal of that claim. A breach of the duty to defend can be bad faith, but "if the insurer's refusal to defend is reasonable, no liability will result." *Shade Foods v. Innovative Prod. Sales & Mktg., Inc.,* 78 Cal.App.4th 847, 93 Cal.Rptr.2d 364, 387 (Cal.Ct.App.2000) (quotation omitted); *see also Lunsford v. American Guarantee & Liability Ins. Co.,* 18 F.3d 653, 656 (9th Cir.1994). We cannot say that the Travelers position was unreasonable, as it was based on legal characterizations of "advertising" that were not simple or clear. Additional factual inquiry would not have changed the Travelers view of the law. In these circumstances, we agree with the district court that summary judgment was proper.

AFFIRMED.