## T.H.E. INSURANCE COMPANY, Plaintiff–Appellee,

v.

**Gilbert VASQUEZ, Trustee, Bankruptcy Estate of Mendez Trucking Inc.; Mendez Trucking Inc.; Manuel Mendez, Defendants–Appellants.**

No. 00–55241.

D.C. No. CV–97–07294–TJH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2001.

Decided Nov. 6, 2001.

---

Before BROWNING, FERNANDEZ, and FISHER, Circuit Judges.

## MEMORANDUM *

We affirm the district court's grant of summary judgment on all of Manuel Mendez and Mendez Trucking Inc.'s counterclaims and on T.H.E. Insurance Company's claim for declaratory relief.

We agree that Mendez fails to raise a genuine issue of material fact as to Varner's ostensible agency. "[T]here are three requirements necessary before recovery may be had against a principal for the act of an ostensible agent. The person dealing with the agent must do so with belief in the agent's authority and this belief must be a reasonable one; such belief must be generated by some act or neglect of the principal sought to be charged; and the third person in relying on the agent's apparent authority must not be guilty of negligence." *Associated Creditors' Agency v. Davis*, 13 Cal.3d 374, 399, 118 Cal.Rptr. 772, 788, 530 P.2d 1084 (1975); Cal. Civ.Code § 2300; Cal. Civ. Code § 2334. Mendez raises a triable issue of fact as to *his* reasonable belief that Varner was an agent of T.H.E., and Mendez's failure to read and complete the application form before signing it does not constitute negligence in ascertaining Varner's status as an agent. However, Mendez cannot point to a sufficient act or omission *by T.H.E.* before the Flagg accident that led Mendez to believe that Var-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as may be provided by Ninth Circuit Rule 36–3.

ner was in fact T.H.E.'s agent. It is insufficient that T.H.E. made its proprietary insurance application forms available to Varner. Because Mendez fails to raise a triable issue of fact as to T.H.E.'s conduct generating a reasonable belief in Varner's purported agency, Mendez cannot sustain his claim that Varner was the ostensible agent of T.H.E. and the counterclaims for breach of contract, reformation and breach of insurance policy, as reformed, negligent concealment and misrepresentation, fraud and breach of fiduciary duty must fail as a matter of law.

■ We also affirm the district court's grant of summary judgment on the claim for breach of the implied covenant of good faith and fair dealing. Because the policy covered only two trucks, neither one of which was involved in the Flagg accident, the face of the policy unambiguously barred a claim based on that accident. Accordingly, the implied covenant of good faith and fair dealing did not require T.H.E. to conduct any further investigation. *See, e.g., Waller v. Truck Ins. Exch., Inc.,* 11 Cal.4th 1, 36, 44 Cal.Rptr.2d 370, 390, 900 P.2d 619 (1995); *Brinderson– Newberg Joint Venture v. Pacific Erectors, Inc.,* 971 F.2d 272, 282 (9th Cir.1992). As a matter of law, T.H.E. did not violate its duty to act in good faith. *See, e.g., Lunsford v. American Guar. & Liab. Ins. Co.,* 18 F.3d 653, 656 (9th Cir.1994).

**AFFIRMED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.