Craig B. COOPER; Olive Industries, Ltd., Plaintiffs—Appellants,

Loanne COOPER, Plaintiff,

v.

TRAVELERS INDEMNITY CO. OF ILLINOIS, Defendant— Appellee,

Travelers Property Casualty Insurance Co.; Travelers Group, Defendants.

No. 03–15551.

D.C. No. CV–01–02400–VRW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 5, 2004.

Decided Oct. 13, 2004.

Andrew F. Pierce, Pierce & Shearer LLP, Palo Alto, CA, David Woolfe, Lane Foster City, CA, for Plaintiffs–Appellants.

Jess B. Millikan, Samuel H. Ruby, Bullivant, Houser & Bailey, San Francisco, CA, for Defendant–Appellee.

Before MESKILL,* TROTT, and MCKEOWN, Circuit Judges.

* The Honorable Thomas J. Meskill, Senior Judge for the United States Court of Appeals for the Second Circuit, sitting by designation.

MEMORANDUM**

Craig Cooper and his wholly-owned company, Olive Industries, Ltd.,[1] (collectively "Cooper") appeal a judgment of the United States District Court for the Northern District of California (Walker, J.) following a bench trial that dismissed their claim that Travelers Indemnity Co. of Illinois breached an implied covenant of good faith and fair dealing when it investigated and denied insurance coverage. Cooper also appeals two evidentiary rulings. Familiarity with the relevant facts, procedural history and issues raised on appeal is presumed.

Cooper, a California restauranteur, had an insurance policy with Travelers that insured one of his restaurants against certain kinds of losses, including losses incurred if the restaurant were required to close. Cooper believed that the policy was triggered when health officials closed the restaurant for a six-month period because its well water tested positive for *E. Coli* contamination. Cooper thus submitted a claim for coverage to Travelers. Following an eight-month investigation into the cause of the contamination, Travelers denied coverage on the grounds that there were potentially multiple causes and that the policy excluded each from coverage.

After the initial declination, Cooper's own expert concluded that leakage from a public utility manhole caused the contamination.[2] Based on this finding, Cooper asked Travelers to reconsider its declination; Travelers refused and Cooper commenced this suit.

Following a bench trial, the district court concluded that Travelers breached its insurance policy when it denied coverage, but limited Cooper's damages to the expenses incurred to rectify the contamination. The district court also held that although the loss was covered under the policy, Cooper had failed to establish his lost profits during the closure. Finally, the district court denied Cooper's claim that Travelers acted in bad faith.

On appeal, Cooper first argues that the district court erroneously concluded that no bad faith liability exists. We review the district court's factual findings on this issue for clear error. *See Meusy v. Montgomery Ward Life Ins.*, 943 F.2d 1097, 1098 (9th Cir.1991). The district court's legal conclusion is reviewed de novo. *Id.*

In order to prevail on the bad faith claim, Cooper was required to establish that Travelers' reasons for withholding coverage under the policy were either unreasonable or without proper cause. *See Lunsford v. American Guarantee & Liability Ins. Co.*, 18 F.3d 653, 656 (9th Cir. 1994); *Love v. Fire Ins. Exch.*, 221 Cal. App.3d 1136, 1151, 271 Cal.Rptr. 246, 255 (1990). "Bad faith implies unfair dealing rather than mistaken judgment." *California Shoppers, Inc. v. Royal Globe Ins. Co.*, 175 Cal.App.3d 1, 55, 221 Cal.Rptr. 171, 201 (1985). Thus, Travelers would not have acted in bad faith if there existed a genuine dispute over a factual or legal issue, even if the dispute was ultimately resolved against it. *See Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 992–94 (9th Cir.2001); *Fraley v. Allstate Ins. Co.*, 81 Cal.App.4th 1282, 1292–93, 97 Cal.Rptr.2d 386, 391 (2000). Finally, Travelers' inter-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–6.

1. Olive Industries, Ltd. is incorrectly listed on the Court's docket as Olive Industries, Inc.

The Clerk is directed to change this designation on the official caption.

2. At trial the parties stipulated that this was the actual cause of the contamination.

pretation that the policy did not require coverage would amount to bad faith only if the interpretation was "inherently unreasonable." *Congleton v. National Union Fire Ins. Co.,* 189 Cal.App.3d 51, 59, 234 Cal.Rptr. 218, 222 (1987).

We believe that the district court properly dismissed the bad faith claim.

■ The district court correctly held that Travelers investigated and denied coverage in good faith. Travelers retained multiple experts to assist in discovering the cause of the contamination and none pinpointed the defective public utility manhole as being the source of the contamination. Travelers was entitled to rely on the advice and opinions of its experts to determine the scope and direction of its investigation. *See Guebara,* 237 F.3d at 994. Moreover, the district court heard expert testimony that Travelers conducted a thorough investigation. In addition, Cooper himself did not believe that the utility manhole was the contamination source until *after* Travelers' investigation was complete. Based on the foregoing, we believe the district court properly held that Travelers' investigation and initial declination were made in good faith.

■ The district court also did not err in finding that Travelers genuinely disputed coverage throughout the litigation. Travelers legitimately contested Cooper's entitlement to coverage under a pollution exclusion. That exclusion provided that Cooper was not insured for damage caused as a direct result of a break or crack in a system containing water. Travelers presented expert testimony that the manhole was neither broken nor cracked, such that sewage escaped through some other means. To support its contention, Travelers also offered documentary evidence from the public utility commission stating that the manhole was in good condition immediately before the restaurant's water supply was contaminated. Although Travelers did not prevail at trial on the breach of contract claim, the question of whether leakage from the manhole was due to breaking or cracking was a matter of genuine dispute. Accordingly, the district court properly dismissed the bad faith claim. *See, e.g., Safeco Ins. Co. of America v. Guyton,* 692 F.2d 551, 557 (9th Cir. 1982).

Cooper next maintains on appeal that two of the district court's evidentiary rulings were erroneous, warranting a new trial on the damages he suffered as a result of Travelers' breach of contract. First, he contends that the court improperly excluded Robert Johnson, an expert in economics, from offering an opinion on lost profits. Cooper also argues that after it excluded Johnson's testimony, the district court erred in not permitting him the opportunity to retake the stand and offer testimony regarding lost profits. We hold that neither evidentiary ruling was an abuse of discretion. *See Gilbrook v. City of Westminster,* 177 F.3d 839, 858 (9th Cir.1999).

■ Federal Rule of Evidence 702 provides that evidence proffered by an expert must have "a reliable basis in the knowledge and experience of his discipline." *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 148, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999); *see also Jinro America, Inc. v. Secure Invs., Inc.,* 266 F.3d 993, 1005 (9th Cir.2001). Johnson himself testified during voir dire that in his normal professional practice he would verify client-provided data before relying on it to reach a conclusion. Yet; Johnson, who intended to base his opinion solely on data provided by Cooper, failed to follow this procedure. Because Johnson's testimony was not based on the type of data on which experts in economics would reasonably rely, and

Johnson admitted as much during the voir dire, the district court did not abuse its discretion when it excluded the testimony.

 Finally, we hold that the district court did not err in precluding Cooper from being recalled to offer testimony as to lost profits. Cooper had the opportunity to provide testimony on the topic in written narrative form before the trial commenced, but elected not to do so. The district court thus did not abuse its discretion when it denied Cooper the opportunity to reopen his direct testimony.

Accordingly, the judgment of the district court is affirmed.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.