**S.J. AMOROSO CONSTRUCTION COMPANY, INC., a California corporation, Plaintiff—Appellant,**

v.

**EXECUTIVE RISK INDEMNITY, INC., a Delaware Corporation, Defendant—Appellee.**

No. 07–17182.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 2009.

Filed April 30, 2009.

John H. Banister, Esq., Raymond E. Kong, Esq., Bell Rosenberg & Hughes LLP, Oakland, CA, for Plaintiff–Appellant.

Gilbert D. Jensen, Esq., Jennifer M. Kokes, Esq., Musick Peeler & Garrett, LLP, Los Angeles, CA, for Defendant–Appellee.

Before: McKEOWN and IKUTA, Circuit Judges, and BLOCK,* District Judge.

## MEMORANDUM **

S.J. Amoroso Construction Company, Inc. ("Amoroso") appeals from the district court's order granting summary judgment to Executive Risk Indemnity Inc. ("Executive Risk") in its suit seeking coverage under a Directors & Officers insurance policy ("D&O Policy"). We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing de novo, *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 776 (9th Cir.2009), we reverse in part and affirm in part.

■ The district court erred by ruling that Amoroso was not entitled to coverage under the D&O Policy for claims stemming from Paul Mason's alleged misrepresentations because he acted in his individual capacity, and not on behalf of the insured organization. California law provides that employees may be said to act within the scope of their employment, even when their actions are not authorized by their employer, so long as their actions are not so "unusual or startling that it would seem unfair to include the loss resulting from it among other costs of the employer's business." *Farmers Ins. Group v. County of Santa Clara*, 11 Cal.4th 992, 1003, 47 Cal. Rptr.2d 478, 906 P.2d 440 (1995) (internal citation omitted). Based on the record before us, we cannot conclude that Mason's acts were so "unusual or startling" that they should be classified as actions taken in his individual capacity. Under Insuring Clause I(C) of the D&O Policy, Mason's alleged misrepresentations qualify as a wrongful act committed by the insured organization.

■ Though Mason's alleged misrepresentations fall within the scope of Insuring Clause I(C), we must consider whether the D&O Policy's exclusion of coverage for claims arising from a contract or agreement applies. Under California law, "[w]hereas coverage clauses are interpreted broadly to afford the greatest possible protection to the insured, exclusionary

---

* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

clauses are construed narrowly against the insurer." *Continental Cas. Co. v. City of Richmond,* 763 F.2d 1076, 1079 (9th Cir. 1985). "Exceptions to the performance of the basic underlying contract obligation must be clearly stated to apprise the insured of the effect of those exceptions." *Id.* Considering this standard, the construction contract between Mauna Kea Properties, Inc. ("Mauna Kea Properties") and DAP cannot form the basis for a complete exclusion of coverage under Exclusion III(C)(2), which excludes claims "arising from" liability "under any written or oral contract or agreement."

In the litigation brought by Mauna Kea Properties ("Mauna Kea litigation"), Mauna Kea Properties alleged that Amoroso made negligent or intentional misrepresentations that induced Mauna Kea Properties to contract *with DAP.* This theory of liability in the Mauna Kea litigation depends on the fact that Amoroso was not a party to the construction contract and, therefore, did not have liability under the contract (when Mauna Kea allegedly thought that Amoroso would). To that extent, Amoroso's liability is not liability under a contract or agreement, and Executive Risk may not rely on Exclusion III(C)(2) to deny coverage.

▮ There remains a triable issue of fact, however, about whether the correspondence between Mason and Mauna Kea Properties concerning the potential assignment of the construction contract created a separate contract or agreement under which any potential liability on the part of Amoroso would be excluded from coverage. On remand, the district court should consider whether, under California law, the letter correspondence amounted to a contract or agreement by Amoroso to, in effect, guarantee DAP's performance of the construction contract. If it did, Executive Risk permissibly denied coverage pursuant to Exclusion III(C)(2) to the extent that Amoroso's liability arose under the letter correspondence.

Where there is a genuine issue of liability, the insurer, as a matter of law, could not have acted in bad faith in denying coverage. *See Lunsford v. Am. Guar. & Liab. Ins. Co.,* 18 F.3d 653, 656 (9th Cir. 1994). The district court, therefore, did not err in granting summary judgment to Executive Risk on Amoroso's claim of bad faith due to Executive Risk's denial of coverage. We leave it to the district court to determine in the first instance whether Amoroso has stated a claim of bad faith based on a breach of the duty to defend, and, if so, whether Amoroso should prevail on such a claim.

Amoroso's arguments that the district court committed procedural error are without merit.

**REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.** Costs on appeal are awarded to Amoroso.