NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRADLEY D. SHARP, Chapter 11 Trustee of the Estate of C.M. Meiers Company, Inc., <br><br> Appellant, <br><br> v. <br><br> EVANSTON INSURANCE COMPANY, <br><br> Appellee. | No. 18-56565 <br><br> D.C. No. 2:17-cv-01400-MRW <br><br> MEMORANDUM[*] |
| EVANSTON INSURANCE COMPANY, <br><br> Appellant, <br><br> v. <br><br> BRADLEY D. SHARP, Chapter 11 Trustee of the Estate of C.M. Meiers Company, Inc., <br><br> Appellee. | No. 18-56566 <br><br> D.C. No. 2:17-cv-01400-MRW |

Appeal from the United States District Court
for the Central District of California
Michael R. Wilner, Magistrate Judge, Presiding

Submitted April 3, 2020[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision

Pasadena, California

Before: PAEZ and CALLAHAN, Circuit Judges, and LYNN,[***] District Judge.

Appellant Bradley Sharp ("Sharp"), trustee for the chapter 11 bankruptcy estate of C.M. Meiers Co. ("CMM"), appeals, and Appellee Evanston Insurance Co. ("Evanston") cross-appeals, the district court's judgment in a bankruptcy adversary proceeding after a two-day bench trial. Sharp initially filed a third-party adversary proceeding against CMM's previous owners (the "Rothmans"), which asserted, *inter alia*, errors and omissions in the Rothmans' management of the CMM Trust Account. The Rothmans were covered by a professional liability insurance policy from Evanston, but Evanston declined to defend the Rothmans against Sharp's claims and did not participate in the settlement mediation that eventually resulted in a $4.3M settlement. Sharp then filed the current adversary action against Evanston to recover the unpaid balance of the settlement amount ($3.8 million) as well as other damages. We affirm the district court's grant of summary judgment for Evanston on the bad faith claims, and affirm the district court's judgment for Sharp on the indemnity claim.

1. The district court did not err in granting summary judgment to Evanston

---

without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Barbara M. G. Lynn, United States Chief District Judge for the Northern District of Texas, sitting by designation.

on Sharp's claim for breach of implied covenant and fair dealing. Under California law, the "genuine issue rule in the context of bad faith claims" allows a grant of summary judgment for the insurer "when it is undisputed or indisputable that the basis for the insurer's denial of benefits was reasonable—for example, where even under the plaintiff's version of the facts there is a genuine issue as to the insurer's liability under California law." *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1161 (9th Cir. 2002) (citing *Safeco Ins. Co. of Am. v. Guyton*, 692 F.2d 551, 557 (9th Cir. 1982)). Sharp argues that the district court erred in dismissing his claims under the "genuine dispute" doctrine because the rule does not apply to third party claims, and in any event, Evanston's failures to indemnify and defend the Rothmans against Sharp's complaint were unreasonable. We disagree.

The district court did not err in applying the genuine dispute doctrine to dismiss Sharp's bad faith claim insofar as it was based on Evanston's failure to indemnify and failure to defend the Rothmans. *See Chateau Chamberay Homeowners Ass'n v. Assoc. Intern. Ins. Co.*, 108 Cal. Rptr. 2d 776, 784 (Cal. Ct. App. 2001); *Lunsford v. Am. Guarantee & Liab. Ins. Co.*, 18 F.3d 653, 656 (9th Cir. 1994). The district court also properly dismissed Sharp's failure to investigate claim on the ground that Evanston's review of the Rothmans' tender for coverage and defense against Sharp's complaint reasonably satisfied its duty to investigate.

3

*See Baroco West, Inc. v. Scottsdale Ins. Co.*, 1 Cal. Rptr. 3d 464, 469 (Cal. Ct. App. 2003); *Horace Mann Ins. Co. v. Barbara B.*, 846 P.2d 792, 795 (Cal. 1993).

In regard to Sharp's claim that Evanston acted in bad faith by its failure to settle, we agree that a genuine dispute over the existence of coverage generally does not preclude bad faith liability based on the insurer's refusal to accept a reasonable settlement offer on a third party claim. *See Gibbs v. State Farm Mut. Ins. Co.*, 544 F.2d 423, 427 (9th Cir. 1976); *Johansen v. Cal. State Auto. Ass'n Inter-Ins. Bureau*, 538 P.2d 744, 748 (Cal. 1975); *Howard v. Am. Nat'l Fire Ins. Co.*, 115 Cal. Rptr. 3d 42, 70 (Cal. Ct. App. 2010). However, California law also suggests that an insurer's mere failure to initiate or pursue settlement discussions in a third-party case does not incur bad faith liability. *See Reid v. Mercury Ins. Co.*, 162 Cal. Rptr. 3d 894, 906 (Cal. Ct. App. 2013) ("[N]othing in California law supports the proposition that bad faith liability for failure to settle may attach if an insurer fails to initiate settlement discussions, or offer its policy limits, as soon as an insured's liability in excess of policy limits has become clear."); *Graciano v. Mercury Gen. Corp.*, 179 Cal. Rptr. 3d 717, 727 (Cal. Ct. App. 2014) ("An insured's claim for 'wrongful refusal to settle' cannot be based on his or her insurer's failure to *initiate* settlement overtures with the injured third party, but instead requires proof the third party made a reasonable offer to settle the claims against the insured for an amount within the policy limits." (emphasis in original)

(citations omitted)).

Here, the undisputed facts demonstrate that Evanston did not participate in the settlement discussions between Sharp and the Rothmans, but was given little advance notice of the mediation date and was not presented with a formal settlement offer until months after the settlement had already taken place. As such, the record, even when viewed in the light most favorable to Sharp, fails to demonstrate that Evanston was provided a reasonable opportunity to settle or that Evanston acted unreasonably when it declined to participate in settlement discussions. Thus, we affirm the grant of summary judgment for Evanston on Sharp's bad faith claims.

2. We also affirm the district court's judgment that Evanston was obligated to indemnify the $3.8 million balance of the settlement between Sharp and the Rothmans. Evanston challenges the district court's ruling on the indemnity claim on four grounds: (1) CMM's misappropriation of trust funds is not a "professional service" covered by the policy; (2) coverage is barred by two policy exclusions; (3) liability is barred under California Insurance Code § 533; and (4) Sharp's claim for coverage is barred by judicial estoppel.

Evanston's first three challenges rest on the premise that the district court erred in finding that the Rothmans acted negligently, rather than willfully or with the intent to steal, during the few months that client funds were deposited directly

5

into CMM's operating account rather than the Trust Account. However, the district court's finding of fact as to the nature of the Rothmans' conduct is supported by evidence in the record and at trial—including testimony from Sharp, which the district court deemed credible—and is not clearly erroneous. Thus, the district court did not err in concluding that the Rothmans' mishandling of fiduciary funds triggered liability and coverage under the "professional services" provision of the Evanston policy. *See Bank of Cal., N.A. v. Opie*, 663 F.2d 977, 981 (9th Cir. 1981); *see also Utica Mut. Ins. Co. v. Miller*, 746 A.2d 935, 944 (Md. Ct. Spec. App. 2000). Likewise, the district court did not err in concluding that policy exclusions A and M, as well as California Insurance Code § 533—all of which are premised on a finding of intentional or willful conduct—did not preclude coverage.

As for Evanston's judicial estoppel argument, we conclude that the balance of equities in this case does not tip in favor of estoppel. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) ("Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position."). The court found that although Sharp originally accused the Rothmans of "significant misconduct," Sharp's later abandonment of these claims in favor of a negligence-based action was reasonable. Moreover, Sharp's legal theory and arguments as to why he believed Evanston was obligated to indemnify and defend

6

the Rothmans for their actions under the policy remained generally consistent from the first letter that Sharp's counsel sent to Evanston's counsel through trial.  The district court's implicit decision not to invoke the doctrine of judicial estoppel to Sharp's indemnity claim was not an abuse of discretion.

**AFFIRMED.**