NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 7 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LEANNE ALBERS,

Plaintiff-Appellant,

v.

PAUL REVERE INSURANCE GROUP;
UNUM LIFE INSURANCE COMPANY OF
AMERICA,

Defendants-Appellees.

No. 22-15100

D.C. No. 5:20-cv-08674-NC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding

Argued and Submitted May 11, 2023
San Francisco, California

Before: MURGUIA, Chief Judge, and FRIEDLAND and BENNETT, Circuit
Judges.

Plaintiff-Appellant Leanne Albers appeals the district court's grant of

summary judgment to Defendants-Appellees Paul Revere Insurance Group and

Unum Life Insurance Company of America. Albers sued Defendants, alleging that

she was totally disabled and entitled to full lifetime benefits under her individual

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

disability insurance policy. She brought claims under breach of contract, breach of the implied covenant of good faith and fair dealing, and California's Unfair Competition Law. The district court concluded that (1) the contractual claims[1] against Unum failed for lack of contractual privity; (2) Albers's common law claims were time-barred because she did not sue within the applicable statutes of limitations; (3) Albers waived and was estopped from pursuing her breach of contract claim; and (4) Albers's breach of the implied covenant of good faith and fair dealing and Unfair Competition Law claims failed as a matter of law.

We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand.

1.      We review de novo a district court's grant of summary judgment. *Bliss Sequoia Ins. & Risk Advisors, Inc. v. Allied Prop. & Cas. Ins. Co.*, 52 F.4th 417, 419 (9th Cir. 2022). Viewing the evidence in the light most favorable to the nonmoving party, we determine "whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 447–48 (9th Cir. 2018) (citation omitted).

2.      We agree with the district court that Albers's contractual claims against Unum fail for lack of contractual privity. It is undisputed that Albers entered into a

---

[1] We use the term "contractual claims" to mean Albers's claims for breach of contract and breach of the implied covenant of good faith and fair dealing.

2

contract with Paul Revere, not Unum.  Generally, under California law, only a party to an insurance contract may be held liable for breach of contract or for breach of the implied covenant of good faith and fair dealing.  *See Seretti v. Superior Nat'l Ins. Co.*, 84 Cal. Rptr. 2d 315, 321 (Ct. App. 1999).  We affirm the grant of summary judgment to Unum on the contractual claims.

3.      Under California law, the statute of limitations normally begins to run "when the cause of action is complete with all of its elements."  *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (quoting *Norgart v. Upjohn Co.*, 981 P.2d 79, 83 (Cal. 1999)).  The elements for a California breach of contract are: "(1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach."  *CDF Firefighters v. Maldonado*, 70 Cal. Rptr. 3d 667, 680 (Ct. App. 2008).  And to establish a breach of the implied covenant of good faith and fair dealing in the insurance context, a plaintiff must show: (1) benefits due under the policy were withheld, and (2) the reason for withholding benefits was unreasonable or without proper cause.  *Love v. Fire Ins. Exch.*, 271 Cal. Rptr. 246, 255 (Ct. App. 1990).

Here, the statutes of limitations did not begin to run until Albers sustained damages, which first occurred in 2020 when her lifetime benefits were withheld after her 65th birthday.  *See City of Vista v. Robert Thomas Sec.*, 101 Cal. Rptr. 2d 237, 239 (Ct. App. 2000) ("When damages are an element of a cause of action, the cause

3

of action does not accrue until the damages have been sustained."). Albers's claims were therefore not time-barred; Albers sued Paul Revere less than three months after her causes of actions became complete with all their elements. *See id.*

4. Albers did not waive her claim for total disability benefits, nor is she estopped from pursuing it. Under California law, waiver occurs "when a party intentionally relinquishes a right, or when that party's acts are so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished." *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1559 (9th Cir. 1991) (citing *Rheem Mfg. Co. v. United States*, 371 P.2d 578, 581 (Cal. 1962)). "The burden is on the party claiming a waiver of a right to prove it by clear and convincing evidence that does not leave the matter to speculation, and doubtful cases will be decided against a waiver." *Waller v. Truck Ins. Exch., Inc.*, 900 P.2d 619, 636 (Cal. 1995) (cleaned up). Estoppel requires detrimental reliance by the opposing party. *Lynch v. Cal. Coastal Comm'n*, 396 P.3d 1085, 1088 (Cal. 2017).

In 2008 and 2009, Albers left two voicemails for Paul Revere, in which she stated that she was not totally disabled. But viewing the evidence in the light most favorable to Albers, Paul Revere failed to demonstrate by clear and convincing evidence that Albers—an unrepresented, unsophisticated party—intentionally relinquished her right to total disability benefits. *See Waller*, 900 P.2d at 636. And Paul Revere does not point to evidence showing that it detrimentally relied on

Albers's voicemails, so we cannot conclude that Albers is estopped from bringing her claim.

5.     Because the district court concluded that Albers's claims were barred by the statutes of limitations and waiver and estoppel, the court did not address the merits of whether Albers was totally disabled.  In relevant part, under the Policy, "total disability" requires that "because of Injury or Sickness," the insured is (1) "unable to perform the important duties of [her] regular occupation," and (2) "not engaged in any other gainful occupation."  It is undisputed that Albers was unable to perform the "important duties" of her "regular occupation" as a dental hygienist. But the parties dispute whether Albers was engaged in a "gainful occupation" when she was working as a dental hygienist instructor.

The Policy does not define "gainful occupation."  But both parties have agreed—including in specific representations at oral argument before our court— that the following definition, which Paul Revere provided to Albers in a letter, applies to the Policy in this case: "A gainful occupation is one you can reasonably be expected to satisfactorily perform given your age, education, training, experience, station in life, physical and mental capacity."

Whether Albers's occupation as a dental hygienist instructor was one that she could "reasonably be expected to satisfactorily perform given [her] age, education, training, experience, station in life, [and] physical and mental capacity" is a factual

question. *See Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1008 (9th Cir. 2004) ("[T]he question of what amounts to total disability is one of fact." (quoting *Erreca v. W. States Life Ins. Co.*, 121 P.2d 689, 696 (Cal. 1942))). Triable issues of fact thus exist that preclude a grant of summary judgment in either party's favor. We therefore reverse the district court's grant of summary judgment to Paul Revere on Albers's breach of contract claim and remand for a trial on the question of whether Albers was entitled to total disability benefits before 2020.

6.      In addition to finding the breach of the implied covenant of good faith and fair dealing claim barred, the district court concluded that this claim failed as a matter of law because Albers did not raise a genuine dispute of material fact as to unreasonableness or bad faith. We agree.

"California law recognizes in every contract, including insurance policies, an implied covenant of good faith and fair dealing." *Trishan Air, Inc. v. Fed. Ins. Co.*, 635 F.3d 422, 434 (9th Cir. 2011) (quoting *Brehm v. 21st Century Ins. Co.*, 83 Cal. Rptr. 3d 410, 416 (Ct. App. 2008)). "The linchpin of a bad faith claim is that the denial of coverage was unreasonable." *Id.* (quoting *McCoy v. Progressive W. Ins. Co.*, 90 Cal. Rptr. 3d 74, 80 (Ct. App. 2009)). "[A]n insurer's denial of a claim is not unreasonable, so long as there existed a genuine issue as to the insurer's liability." *Lunsford v. Am. Guar. & Liab. Ins. Co.*, 18 F.3d 653, 656 (9th Cir. 1994).

As noted, both parties agree that the definition of "gainful occupation" quoted

6

above applies to the Policy in this case. Under that definition, it was not unreasonable for Paul Revere to deny coverage to Albers, who was trained and skilled as a dental hygienist and then went on to work and earn money as a dental hygienist instructor. *Cf. Erreca*, 121 P.2d at 694 (explaining that it would be unreasonable to hold that a doctor was not totally disabled from engaging in "any occupation" if he was able to run a newsstand). Because we conclude there is a "genuine issue as to the insurer's liability," *Lunsford*, 18 F.3d at 656, we affirm the district court's grant of summary judgment on the breach of the implied covenant of good faith and fair dealing claim.[2]

7.     We also affirm the district court's grant of summary judgment to Defendants on Albers's claim under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. Albers fails to identify any facts to support her claim that Defendants engaged in unlawful or unfair business practices. *See Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 973 P.2d 527, 540–44 (Cal. 1999).

8.     Before the district court, Albers cross-moved for summary judgment on two issues concerning her benefits calculation: (1) whether the Supplemental Social Insurance benefit should be included in her monthly payments; and (2) whether she

---

[2] Albers also argues in her reply brief that Defendants' actions in response to her 2020 claim for total disability constituted bad faith. But Albers has failed to establish that Defendants acted "unreasonably or without proper cause" when it first denied her claim. *See Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.*, 108 Cal. Rptr. 2d 776, 784 (Ct. App. 2001).

is entitled to annual cost-of-living adjustments under the Policy. Because the district court did not address these issues, we remand for it to consider them in the first instance.

9.     In sum, we reverse the grant of summary judgment to Paul Revere on Albers's breach of contract claim and remand for a trial on the issue of whether Albers was totally disabled before 2020. We also remand for the district court to address the two remaining issues that Albers raised in her cross-motion for summary judgment. We otherwise affirm.

We order each party to bear its own costs. Fed. R. App. Proc. 39.

***

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**